Patrick L. Solan v. The Chicago, Milwaukee & St. Paul Railway Company, Appellant.

**Contract Against Negligence:** INTERSTATE COMMERCE. Plaintiff was injured in Iowa while in charge of a shipment from Iowa to Illinois. The contract of shipment limited liability for such injury. *Held,* Code 1308, prohibiting contracts against results of negligence, applies to interstate shipments.

*Appeal from Sioux District Court.*— Hon. Scott M. Ladd, Judge.

Friday, May 31, 1895.

Action to recover for personal injuries alleged to have been caused by the negligence of the defendant in permitting one of the rails in its tracks to become weak, cracked, and out of repair, and in running the caboose in which plaintiff was riding at a negligent rate of speed, in consequence of which said caboose was derailed, and plaintiff injured. The case was tried to a jury, and a verdict and judgment had in favor of the plaintiff for one thousand dollars. Defendant appeals. The issues and facts sufficiently appear in the opinion. —*Affirmed.*

*George E. Clark* for appellant.

*Powers & Conway* and *W. D. Boies* for appellee.

Given, C. J.—I.   Plaintiff was injured at a point
in Iowa when being carried over defendant's road in a
caboose attached to a freight train, in which one or
more cars of cattle, in charge of plaintiff, were being
transported.   Plaintiff and the cattle were being car-
ried under a contract between the owner of the cattle
and the defendant for their transportation from Rock
Valley, Iowa, to the Union Stock Yards in Illinois.
Said contract contains this provision: "Eight.   That
the company shall in no event be liable to the owner or
person in charge of said stock for any injury to his per-
son in an amount exceeding the sum of $500."   The
trial court instructed the jury that, if it found for the
plaintiff, it should allow him such an amount as would
compensate him for the injuries sustained.   Appellant
contends that the court erred in not instructing that,
under the contract, plaintiff was not entitled to recover,
if at all, more than five hundred dollars, and in this
contention we have the only question presented on this
appeal.   We have no argument for appellee.

II.   Appellant assumes that the court omitted to
instruct that plaintiff could not recover more than five
hundred dollars, upon the theory that the part of said
contract quoted above was void, under section 1308 of
the Code of Iowa.   That section is as follows: "No
contract, receipt, rule, or regulation, shall exempt any
corporation engaged in transporting persons or prop-
erty by railway from liability of a common carrier, or
carrier of passengers, which would exist had no con-
tract, receipt, rule, or regulation, been made or entered
into."   Appellant's contention is that as this was a
contract for an interstate shipment, and as the power
to regulate commerce between the states is exclusively
in the congress of the United States, said section does
not apply.   It cannot be questioned but that this was
an interstate shipment, and that congress alone

possesses power to regulate commerce between the states; but the inquiry remains whether said section, as applied to this contract, is a regulation of commerce. Appellant concedes "that up to the present time your honors have refused to adopt the application and construction which is now contended for." In the case of *Hart v. Railroad Co.*, 69 Iowa, 486 [29 N. W. Rep. 597]. the contract was for the shipment of horses from a point in this state to a point in another, and provided that no liability would be assumed by the carrier on the horses for more than one hundred dollars each. Question was made whether section 1308 was applicable, and it was contended "that the state has no power to place a restriction of that character upon the carrier contracts for the transportation of property from this state into another state or territory." The court says: "The position is that the restriction, if applicable to a contract of this character, would be a regulation of commerce among states, and a subject which, under the federal constitution, is within the exclusive jurisdiction of the congress of the United States. In our opinion, however, this position cannot be maintained. The provision is in no just or legal sense a regulation of commerce. It prescribes no regulation for the transportation of freight upon any of the channels of communication. It leaves the parties free to make such contracts as they may choose to make with reference to the compensation which shall be paid for the services to be rendered. The carrier is left free to demand such compensation for the carriage of the property as is just, considering the responsibility he assumes when he receives it. He is forbidden to make any contract that would exempt him from any of the liabilities which arise by implication from his undertaking to carry the property. But no burden is placed upon the property which is the subject of the contract, nor is any rule prescribed for his

government respecting it. That it is within the power of the state to prescribe such a limitation upon his power to contract we have no doubt. The statute was enacted by the state in the exercise of the police power with which it is vested, and it is applicable to all contracts entered into within its jurisdiction. The question involved is not different in principle from that decided by the supreme court of the United States in what are known as the *Granger Cases.* See *Munn v. Illinois,* 94 U. S. 113; *Chicago, B. & Q. R. Co. v. Iowa,* 94 U. S. 155; *Peik v. Railway Co.,* 94 U. S. 164." Appellant insists that upon authorities cited, and especially the decisions of the supreme court of the United States, we should now announce a different holding. Appellant cites *Wabash, etc., Ry. Co. v. Illinois,* 118 U. S. 557 [7 Sup. Ct. Rep. 4]; *Philadelphia & S. S. S. Co. v. Pennsylvania,* 122 U. S. 326 [7 Sup. Ct. Rep. 1118], and *Fargo v. Michigan,* 121 U. S. 230 [7 Sup. Ct. Rep. 857], holding that the states have no power to fix rates for interstate shipments. The case of *Hart v. Railroad Co.,* 112 U. S. 331 [5 Sup. Ct. Rep. 151], is quoted from at length, and largely relied upon as supporting appellant's contention. That was an interstate shipment of horses, under a contract wherein it was agreed that the carrier assumed a liability on the horses "not exceeding two hundred dollars each." The question was whether this clause in the contract was void as against public policy, not because of any statute, but under the common law. The court says: "It is the law of this court that a common carrier may, by special contract, limit his common-law liability, but that he cannot stipulate for exemption from the consequence of his own negligence or that of his servants." The court, finding that it was "a limited liability live-stock contract, and is confined to live stock," and that the rate of freight was measured by the valuation expressed, announces this conclusion: "The distinct ground of the decision in

the case at bar is that where a contract of the kind, signed by the shipper, is fairly made, agreeing on the valuation of the property carried, with the rate of freight based on the condition that the carrier assumes liability only to the extent of the agreed valuation, even in case of loss or damage by negligence of the carrier, the contract will be upheld as a proper and lawful mode of securing a due proportion between the amount for which the carrier may be responsible and the freight he receives, and of protecting himself against extravagant and fanciful valuations." [The reasoning of all the cases cited upon this subject is that the rates charged are based upon the valuation, that the limitation as to value does not exempt from liability for negligence, nor induce want of care, and is not therefore within the rule that declares contracts exempting from liability for negligence void] Appellee's cause of action is grounded upon the negligence charged, and the contract is for exemption from liability beyond the sum named for that negligence. The reasoning of the cases cited does not apply. Plaintiff was not being carried for a consideration based upon an agreed value of his life or limb. No case is cited, and none, we think, can be found, wherein an agreement for exemption from liability for negligence in the carrying of passengers has been sustained. See *Rose v. Railroad Co.*, 39 Iowa, 247. This contract is within the rule of the common law that declares such contracts void as against public policy, and within the prohibition of section 1308. Surely, neither the statute nor the common law that so declares can be said to "regulate commerce." To so declare is quite different from fixing rates, or from forbidding the making of lawful contracts. In our opinion, neither the common law rule nor the statute to which we have referred is, as applied to this contract, in any proper sense an attempt to regulate commerce. This conclusion renders it unneces-

sary that we consider appellant's further contention, that the United States has never adopted the common law.—*Affirmed.*