A. ARMSTRONG ET AL. v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

No. 657.  Decided June 9, 1898.

**1.  Contract—Notice—Time for Suit—Interstate Commerce.**

Articles 3378 and 3379 of Revised Statutes, prohibiting contracts restricting the time for bringing suit on any action to less than two years and restricting the right to contract for notice of claim of damages before suit, are within the power of the Legislature to enact, and valid as applied to contracts for interstate transportation of property. Railway v. Solan, 18 Sup. Ct. Rep., 289.  (Pp. 119, 121.)

**2.  Rulings Approved.**

The rulings of the Court of Civil Appeals in this case (43 Southwestern Reporter, 614), except as to the validity of the contract requiring notice and suit within a time limited, approved.  (P. 122.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Armstrong et al. sued the railway company and had judgment, from which defendant appealed.  On reversal by the Court of Civil Appeals, appellees obtained writ of error alleging that the ruling settled the case.

*R. B. Minor,* for plaintiffs in error.—The judgment of the Court of Civil Appeals is erroneous, because, even if the shipment involved in this case was an interstate shipment, nevertheless the Texas statute of March 4, 1891 (Acts 1891, p. 20), as applied to contracts for interstate shipment, is not violative of the commerce clause of the Federal Constitution (United States Constitution, article 1, section 8, subdivision 3), nor in any manner unconstitutional, as applied to such contracts, but is a valid exercise of the powers of the State Legislature even as to such contracts; and because the stipulations in the contract of shipment between plaintiffs and defendant for a notice to be given to plaintiffs and for bringing suit within forty days were in violation of said statute, and therefore void; and the District Court ruled correctly in sustaining demurrers to those parts of defendant's answer pleading as a defense the failure to comply with said stipulations.  Acts 1891, p. 20; Sherlock v. Alling, 93 U. S., 99; Smith v. Alabama, 124 U. S., 465; Johnson v. Elevator Co., 119 U. S., 400; Railway v. Alabama, 128 U. S., 97; Budd v. New York, 143 U. S., 528; Ficklen v. Shelby Co., 145 U. S., 19; Railway v. Eddins, 26 S. W. Rep., 161; Armstrong v. Railway, 29 S. W. Rep., 1117; Sturges v. Crowinshield, 4 Wheat., 193; Cooley v. Port Wardens, 12 How., 299; Mobile Co. v. Kimball, 102 U. S., 691; Gilman v. Philadelphia, 3 Wall., 713; Crandall v. Nevada, 6 Wall., 35; Welton v. Missouri, 91 U. S., 275;

Henderson v. Mayor of N. Y., 92 U. S., 259; Escanaba, etc., Trans. Co. v. Chicago, 107 U. S., 678; Wilson v. Blackbird Cr. Marsh Co., 2 Pet., 245; Leisy v. Hardin, 135 U. S., 100; Railway v. Hefley, 158 U. S., 98; Telegraph Co. v. James, 162 U. S., 650; Ordronaux's Const. Leg., 464, 465; Tied. Lim. of Police Power, secs. 201, 202, 90, 93-100.

*Upson, Bergstrom & Newton,* for defendant in error.—If it be held that the Texas Act of March 4, 1891, applies to contracts of the nature of that entered into between plaintiffs and defendant, said Act of March 4, 1891, is contrary to and in violation of article 1, section 8, subdivision 3, of the Constitution of the United States, providing that Congress shall have power to regulate commerce with foreign nations and among the several States and with the Indian tribes, and also contrary to and in violation of the Act of Congress of the United States approved February 4, 1887, entitled an act to regulate commerce, etc., and is therefore void. U. S. Const., art. 1, sec. 8, subdiv. 3; Act of Congress, approved Feb. 4, 1887; Act of Texas, March 4, 1891, Rev. Stats., 1895, arts. 3378, 3779; Railway v. Silegman, 23 S. W. Rep., 299; Railway v. Trawick, 68 Texas, 314; Railway v. Gatewood, 79 Texas, 89; McCarty v. Railway, 79 Texas, 35; Railway v. Harris, 67 Texas, 166; Railway v. Davis, 88 Texas, 593; Railway v. Williams, 25 S. W.Rep., 311, 1020; Railway v. Thompson, 23 S. W. Rep., 930; Railway v. Reeves, 39 S. W. Rep., 564; Railway v. Avery, 33 S. W. Rep., 704; Railway v. Fookes, 40 S. W. Rep., 858; Ferry Co. v. Commonwealth, 114 U. S., 196; Railway v. Husen, 95 U. S., 465; Welton v. Missouri, 91 U. S., 275.

GAINES, CHIEF JUSTICE.—This suit was brought by plaintiffs in error against defendant in error to recover damages for injuries to cattle alleged to have been received upon defendant's line while being transported under a contract of carriage between plaintiffs and defendant from Spofford, Texas, to Muscogee, in the Indian Territory. The bill of lading was for a through shipment, but limited the liability of the defendant company to damages occurring on its own line. It was also stipulated in the writing, that, as a condition precedent to the plaintiffs' right to recover damages for any injuries to the cattle, they should give notice in writing of their claim, before the cattle were delivered or mingled with other stock, to the agent of the company at La Grange, Texas; and also, that any suit brought for such damage should be commenced within forty days after it should occur. On the route selected, La Grange was the point of delivery by the defendant company to its connecting carrier.

The defendant pleaded, among other defenses in bar of the recovery, the failure to give notice as stipulated, and also the failure to bring suit in the time limited by the bill of lading. So much of the answer as interposed these defenses was excepted to by the plaintiffs and the exceptions were sustained by the court. Upon the trial the plaintiffs recovered a judgment, from which an appeal was taken. The Court of Civil Ap-

peals held that the exceptions should have been overruled, and reversed the judgment and remanded the cause. The plaintiffs have brought the case to this court by writ of error, alleging, for the purpose of giving this court jurisdiction, that the decision of the Court of Civil Appeals "practically settles the case."

Article 320 of the Revised Statutes provides, in effect, that common carriers in this State shall not by stipulations in the bill of lading restrict their liability as it exists at common law; and the Court of Civil Appeals in disposing of the case seem to treat the question as if the plaintiffs in order to sustain the ruling of the trial court relied solely upon that provision. They held that the contract was one for an interstate shipment, and that since it had been ruled that that article applied only to carriage of goods within the State, it did not make void the stipulations in question. This may be correct. But at the time the contract sued upon was entered into there was another statute in force, which is now incorporated in the Revised Statutes as articles 3378 and 3379. These articles are as follows:

"Art. 3378. It shall be unlawful for any person, firm, corporation, association or combination of whatsoever kind to enter into any stipulation, contract, or agreement by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this State.

"Art. 3379. No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and when any such notice is required, the same may be given to the nearest or any other convenient local agent of the company requiring the same. In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is specially pleaded under oath."

If the Legislature of the State had the power to make such provisions, as applicable to a contract for a shipment from one State into another, then the stipulations in the bill of lading with reference to the notice to be given and the time within which the suit should be brought were clearly void. Are the articles in question valid and effective as applied to a contract for the carriage of goods from one State into another State or Territory? In determining the point we have not found it necessary to review the numerous cases in the Supreme Court of the United States, in which questions as to the restraints placed upon State legislation by that clause in the Federal Constitution which gives Congress the power "to regulate commerce among the several States," have been discussed. A recent decision of that court seems to settle the question. Railway v. Solan, 18 S. C. Rep., 289.

The court in the case cited state the point as follows: "The section

of the code of Iowa referred to in the answer is as follows: 'No contract, receipt, rule, or regulation shall exempt any corporation engaged in transporting persons or property by railway from liability of a common carrier, or carrier of passengers, which would exist had no contract, receipt, rule, or regulation been made or entered into.' At the trial it appeared that the plaintiff and the cattle under his charge were carried under such a contract as alleged in the answer, and that he suffered injuries as alleged in the declaration; and the court, against the defendant's objections and exceptions, excluded evidence offered by the defendant that the rate on cattle carried the same distance under contracts other than this one was 50 per cent higher than was charged by this contract, and instructed the jury that, if the defendant was negligent and the plaintiff was without fault, the jury should allow him such a sum as would compensate him for his injuries, and that the clause in the contract limiting the plaintiff's damages to $500 was not permitted by law, and was void." In determining the question the court say: "The question of the right of a railroad corporation to contract for exemption from liability for its own negligence is, indeed, like other questions affecting its liability as a common carrier of goods or passengers, one of those questions not of merely local law, but of commercial law or general jurisprudence, upon which this court, in the absence of express statute regulating the subject, will exercise its own judgment, uncontrolled by the decisions of the courts of the State in which the cause of action arises. But the law to be applied is none the less the law of the State, and may be changed by its Legislature, except so far as restrained by the Constitution of the State or by the Constitution or laws of the United States. Railroad corporations, like all other corporations and persons, doing business within the territorial jurisdiction of a State, are subject to its law. It is in the law of the State that provisions are to be found concerning the rights and duties of common carriers of persons or of goods, and the measures by which injuries resulting from their failure to perform their obligations may be prevented or redressed. Persons traveling on interstate trains are as much entitled, while within a State, to the protection of that State, as those who travel on domestic trains. A carrier exercising his calling within a particular State, although engaged in the business of interstate commerce, is answerable, according to the law of the State, for acts of nonfeasance or of misfeasance committed within its limits. If he fails to deliver goods to the proper consignee at the right time and place, or if, by negligence in transportation, he inflicts injury upon the person of a passenger brought from another State, the right of action for the consequent damage is given by the local law. It is equally within the power of the State to prescribe safeguards and precautions foreseen to be necessary and proper to prevent by anticipation those wrongs and injuries which, after they have been inflicted, the State has the power to redress and to punish. The rules prescribed for the construction of railroads, and for their management and operation, designed to protect persons and property otherwise endangered by

their use, are strictly within the scope of the local law. They are not in themselves regulations of interstate commerce, although they control in some degree the conduct and the liability of those engaged in such commerce. So long as Congress has not legislated upon the particular subject, they are rather to be regarded as legislation in aid of such commerce, and as a rightful exercise of the police power of the State to regulate the relative rights and duties of all persons and corporations within its limits." The case was brought to the Supreme Court of the United States upon a writ of error to the judgment of the Supreme Court of Iowa. The latter court made the same ruling and placed its decision upon the same ground. Solan v. Railway, 95 Iowa, 260. These decisions are in harmony with the views expressed by this court in the case of Railway v. Dwyer, 75 Texas, 572, in which we held, that the penalty affixed by our statute for a refusal of a railroad company to deliver freight upon tender of the charges shown by the bill of lading applied as well to interstate as to domestic shipments, and that it was not a usurpation of the power confided to Congress by the Constitution of the United States to regulate commerce between the States. In that case we say: "The statute we have under consideration, like every other law which gives a remedy to the shipper against the carrier for a violation of his contract, does in some remote degree affect interstate commerce when applied to a contract of carriage from one State to another. But it imposes no tax; it neither fixes nor regulates any rates; it makes no discrimination between commerce wholly within the State and that between the State and other States; it imposes no duty upon any carrier not already imposed by the common law. It applies to all railroad companies in the State and to all contracts of carriage alike, and merely provides a penalty for the purpose of enforcing a compliance with an obligation which already existed at common law. In respect of the question before us the statute is not distinguishable from any other law affording a remedy for the breach of a contract of carriage of goods between two States." If a law which declares void a stipulation in a contract of carriage between the States which undertakes to limit the amount to be recovered for a breach of the contract, is not an encroachment upon the power of Congress, it is obvious that the validity of the statutes of our State now under consideration can not be successfully assailed upon that ground. They apply not only to contracts of carriage between the States, but to all contracts alike. They do not affect the substantial elements of the contract itself, but relate solely to remedies for its breach. As applied to contracts of carriage they do not undertake to regulate the amount of freight to be charged, nor the time or manner of the receipt, transportation, or the delivery of goods. They merely seek to secure the enforcement of the contract or the recovery of damages for its breach by prohibiting the parties from stipulating for what the Legislature presumably deemed unreasonable restrictions upon the remedy. If the Legislature can not make a law of that character as applicable to contracts for the shipment of goods from one State

into another, it is difficult to see how it could make any provision whatever for their enforcement. '

We conclude that the trial court did not err in sustaining the exceptions to the answer. Our conclusion upon this question has made it necessary for us to consider all the assignments found in appellant's brief as filed in the Court of Civil Appeals; but we are of opinion none of such assignments should be sustained.

Therefore the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed, and judgment of District Court affirmed.*