TEXAS & PACIFIC RAILWAY COMPANY v. W. H. WALKER.

Decided January 30, 1901.

**1.—Deposition—Return—Caption.**

It is not a substantial objection to a deposition that the answers are not attached to the commission, and have no caption except "Answers to Interrogatories," where they are returned together in the same package, indorsed as the depositions of the witnesses named.

**2.—Same—Name of Witness—Initials Used.**

A deposition is not inadmissible because the interrogatories were propounded to Gerald Mullins, and the answers were signed G. C. Mullins, the indorsement on the envelope in which the officer returned them showing the deposition to be that of Gerald Mullins.

3.—Interstate Shipment—Cases Overruled.

The cases of Houston Direct Navigation Company v. Insurance Company, 89 Texas, 1, and Railway v. Sherwood, 84 Texas, 133, as to the right of railway companies in interstate shipments to make contracts exempting themselves from liability, have been overruled by the later cases of Railway v. Solan, 169 United States, 133, and Armstrong v. Railway, 92 Texas, 117.

Appeal from the County Court of Bowie. Tried below before Hon. R. H. Jones.

*F. H. Prendergast,* for appellant.

*Chas. S. Todd,* for appellee.

JAMES, CHIEF JUSTICE.—Walker shipped three cars of cattle over appellant's road from Texarkana to Ranger, Texas. Appellant's pens where the cattle were loaded and delivered for shipment were in Arkansas. The action is for injuries to the cattle while en route, by negligent handling, some being killed and others injured. There is evidence that the cattle were in good condition when loaded, and that the cars were not overloaded. There is also testimnoy to the effect that the cars at more than one station were roughly handled in switching about, knocking the cattle down, and inflicting such injuries upon them as are alleged in the petition.

The first assignment is that the court erred in admitting the depositions of I. N. Dillard and G. C. Mullins. The interrogatories were propounded to I. N. Dillard and Gerald Mullins. The package containing the commission and depositions was properly indorsed as the depositions of I. N. Dillard and Gerald Mullins. The answers were not attached to the commission. The answers had no caption except the words "Answers to interrogatories." Those of Mullins were signed G. C. Mullins, and not Gerald Mullins. The certificates of the officer read: "I * * * do hereby certify that the foregoing answers of I. N. Dillard, the witness before named, were made before me and were sworn to and subscribed before me by the said witness." The certificate relative to the other was in the same form and appears to have named the witness as Gerald Mullins.

The fact that the answers were not attached to the commission can be no substantial objection. They were returned together and necessarily related to each other.

The only certificate which the statute prescribes in the taking of depositions is that the officer shall certify that the answers of the witness were signed and sworn to by the witness before him. A caption is not prescribed, though commonly and properly used.

The only really substantial objection was that the answers were signed G. C. Mullins, instead of Gerald Mullins. The certificate shows that they were answers of Gerald Mullins, and this is entirely consistent with the signature of G. C. Mullins. Besides, the indorsement on the

envelope, which is a necessary act of the officer, shows it to have been the deposition of Gerald Mullins. The assignment is not sustained.

The next assignment presented is based upon the theory of interstate shipment citing Houston Direct Navigaiton Company v. Insurance Company, 89 Texas, 1, and Railway v. Sherwood, 84 Texas, 133. There is no proposition clearly advanced in connection with this assignment; but it related to a charge that was refused, in effect that this was an interstate shipment and the parties could make any reasonable contract, except that the railway could not make a contract to exempt it from liability for its own negligence. We can not sustain this assignment, first, because the brief does not undertake to show the applicability of such charge; second, it would seem that no liability was claimed except for negligence of defendant; and third, the cases above mentioned upon which appellant relies are no longer the law on the subject with which they deal, having been in fact overruled by the later decisions. Railway v. Solan, 149 U. S., 133; Armstrong v. Railway, 92 Texas, 117.

The court instructed the jury correctly as to the measure of damages. We have carefully read the testimony with particular reference to the alleged excessiveness of the verdict, and conclude that it is not well taken.

The judgment is affirmed.

*Affirmed.*