## TEXAS & P. RY. CO. v. LANGBEHN.

(Court of Civil Appeals of Texas. May 29, 1913.)

1. CARRIERS (§ 160*)—CARRIAGE OF FREIGHT—CONTRACT OF LIMITATION—VALIDITY.

Under Rev. Civ. St. 1911, art. 5713, making it unlawful for any person or corporation to make any agreement shortening the time to sue to a period less than two years, a stipulation in a bill of lading that in no event should any suit be sustained unless commenced before the expiration of two years from the date the cause of action accrued was invalid, since it did not allow the full two years' time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 231, 673; Dec. Dig. § 160.*]

2. COURTS (§ 92*)—RULES OF DECISION—DICTUM.

Although the contract under discussion by the Supreme Court was clearly void on another ground, its opinion, placing the real emphasis on the ground that a stipulation as to the time within which action should be brought was invalid under the statute, was not dictum.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 335; Dec. Dig. § 92.*]

3. COMMERCE (§ 33*)—INTERSTATE OR INTRASTATE—CONTINUITY OF TRANSPORTATION—"INTERSTATE SHIPMENT."

A shipment of cotton from a point in this state to Galveston on local bills of lading, which was in fact destined for export, so that the transportation from the place of delivery

to Galveston was a part of the journey to a foreign port, was an interstate shipment.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 26, 81; Dec. Dig. § 33.*

For other definitions, see Words and Phrases, vol. 4, pp. 3724–3731.]

**4. COMMERCE (§ 8*)—FEDERAL POWER—STATE REGULATIONS—CARRIER'S LIABILITY.**

State laws, declaring contracts invalid which require the bringing of an action against a carrier for loss of or damage to a shipment in less than the statutory period, were superseded, as to interstate shipments, by the Carmack amendment of June 29, 1906 (34 Stat. 593, c. 3591, § 7 [U. S. Comp. St. Supp. 1911, p. 1307]) to the act of February 4, 1887 (24 Stat. 386, c. 104, § 20 [U. S. Comp. St. 1901, p. 3169]), which furnishes the exclusive rule on the subject of the liability of the carrier under contracts for interstate shipments.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

**5. CARRIERS (§ 160*)—LIMITING LIABILITY—TIME FOR BRINGING SUIT — CARMACK AMENDMENT.**

Under the Carmack amendment of June 29, 1906 (34 Stat. 593, c. 3591, § 7 [U. S. Comp. St. Supp. 1911, p. 1307]), to the act of February 4, 1887 (24 Stat. 386, c. 104, § 20 [U. S. Comp. St. 1901, p. 3169]), prohibiting exemptions from liability imposed by that act, a stipulation in a bill of lading, requiring suits for loss or damage to be brought before the expiration of two years after the cause of action arose, was valid and binding.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 231, 673; Dec. Dig. § 160.*]

On motion for further rehearing. Motion overruled.

For former opinion and rehearing, see 150 S. W. 1188.

REESE, J. This case has had a rather tumultuous career in this court. The history thereof is as follows: On May 20, 1912, the judgment of the trial court was in all things affirmed. The opinion of the court will be found in 150 S. W. 1190. Appellant, on June 4, 1912, filed a motion for rehearing, which was carried over to the present term, and on October 11, 1912, the motion was granted in part, and the judgment of the trial court was reversed, and judgment rendered for appellee as to the value of the three bales of cotton marked "DONE." The judgment as to the value of the cotton marked "LKWB" was undisturbed. The opinion on this motion for rehearing will also be found in 150 S. W. 1188. Within 15 days after the rendition of this opinion appellee filed a motion for a rehearing, which was overruled October 31, 1912. The case remained in this condition until February 13, 1913, when appellee filed a second motion for rehearing, when for the first time the proposition is advanced by him that, under the decision in Taber v. W. U. Tel. Co., 137 S. W. 106, 34 L. R. A. (N. S.) 185, the stipulation in the bill of lading that "in no event shall any suit be sustained, unless the same shall be commenced before the expiration of two years from the date the cause of action occurred" was invalid. After

the filing of this motion, being in some doubt as to the validity of this stipulation, we held up this motion to await the answer of the Supreme Court to a certified question in the case of Elder, Dempster & Co. v. Ry. Co., 154 S. W. 975, as to whether the two or four years' statute of limitation applied to this kind of an action. The Supreme Court having replied that the four-year statute applied, appellant's case, so far as this point is concerned, rested entirely upon the contractual limitation of two years stipulated in the shipping contract. If this stipulation is valid, then this motion of appellee must be overruled, and our opinion on appellant's motion for rehearing, as against appellee's attack upon it, must stand. This second motion of appellee for rehearing might be dismissed without consideration, but we have deemed it best to pass upon it regularly, as it, together with the reply thereto filed by appellant, raises important questions not heretofore raised or passed upon in this case.

The stipulation in the bill of lading in this case is as follows: "In no event shall any suit or action in any court for damages arising from any breach of this contract, or for damages or injury to or loss or destruction of said cotton, or any part thereof, be sustained, unless the same shall be commenced before the expiration of two years from the date when such breach, injury, loss, or destruction occurred, and the lapse of such time shall be conclusive evidence against the validity of any such claim or demand." The statute under which it is contended that this stipulation is invalid is article 5713, R. S. of 1911 (article 3378, R. S. of 1895), which is as follows: "It shall be unlawful for any person, firm, corporation, association or combination of whatsoever kind to enter into any stipulation, contract or agreement by reason whereof, the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract or agreement for any such shorter limitation in which to sue shall ever be valid in this state."

Reasoning by analogy from the doctrine announced in the Taber Case, supra, it is contended that by the terms of the statute quoted no contract or agreement shall be valid which does not allow full two years for bringing the suit, this construction being given to the language of the statute, and that the contract in this case, requiring suit to be brought "before the expiration of two years" from the time the cause of action accrued, does not allow two full years for bringing such suit. In the Taber Case the stipulation as to notice required such notice to be given "within ninety days." It was contended that this stipulation in the contract was void under article 5714, R. S. 1911 (article 3379, Sayles' Civil Statutes) which is as follows: "No stipulation in any contract requiring notice to be given of any

claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void." It was held by the Supreme Court that the term "within ninety days" must be construed to mean "before the expiration of ninety days," and that this did not allow full 90 days for presenting the claim, and was void under the statute. We followed this decision in its application to a similar stipulation as to notice in this case. See original opinion referred to; also in the case of Smith v. I. & G. N. R. R. Co., 138 S. W. 1075.

[1, 2] There is no reasonable ground upon which this case, so far as concerns the contractual limitation, can be distinguished from the Taber Case. There is a slight difference in the verbiage of articles 3378 and 3379, but it would be like "dividing a hair 'twixt south and southeast side" to discern any difference in meaning between the words "a shorter period" and "a less period." The stipulation in the contract in the Taber Case required notice to be given "within 90 days." In the present contract suit is required to be brought "before the expiration of two years." In the Taber Case the court says: "The provision in the contract requiring that notice shall be given within 90 days we construe to mean that notice shall be given before the expiration of 90 days." The provisions of the two articles of the statute are identical in meaning. The stipulations in the two contracts are identical in meaning. There is no escape from the logical conclusion that if the contract in the Taber Case was void under article 3379, this contract is void under article 3378. We cannot agree with appellant's counsel that this much of the opinion in the Taber Case was dictum. It is true that the contract there under discussion was held void and was clearly void on another ground, but the real emphasis is placed upon the first ground referred to. Black's Law Dictionary, "Dictum" and "Obitur Dictum." The conclusion of the Supreme Court that the stipulation requiring notice to be given within 90 days—that is, as the court says, before the expiration of 90 days—offends against the statute, in that it does not allow full 90 days, with the highest respect for that court, does not seem to a majority of this court to be sound, and we have some doubt that it will be adhered to. It was really not necessary to the conclusion that the contract was void. Justice McMeans, however, does not agree with the majority in this opinion as to doctrine of the Taber Case. However, regardless of our own opinion, we feel compelled to follow the plain declaration of law in the Taber Case, and to hold that the stipulation in the present shipping contract, requiring suits to be brought "before the expiration of two years," is invalid under the statute referred to.

[3] In an able and exhaustive argument and reply to appellee's motion for a rehearing, however, counsel for appellant presents the contention that the shipping contract, or bill of lading in question, was a transaction with regard to interstate commerce, and therefore the state laws referred to are not applicable under the provisions of the present federal statute with regard to interstate commerce. Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 [U. S. Comp. St. 1901, p. 3169]; Act Cong. June 29, 1906, c. 3591, § 7, 34 Stat. 593 [U. S. Comp. St. Supp. 1909, p. 1307], known as the "Carmack amendment." There can be no doubt that the shipments in question were interstate shipments under the decision of the Supreme Court of the United States in T. & N. O. Ry. Co. v. Sabine Tram Co., 227 U. S. 111, 33 Sup. Ct. 229, 57 L. Ed. ——, Ry. Com. v. Worthington, 225 U. S. 101, 32 Sup. Ct. 653, 56 L. Ed. 1004, and So. Pac. Terminal Co. v. Interstate Com. Com., 219 U. S. 498, 31 Sup. Ct. 279, 55 L. Ed. 310. The case first cited, which was an appeal from a judgment of this court (121 S. W. 256), is precisely in point. The testimony of the appellee leaves no doubt on the point that the cotton embraced in both of the shipments in this case, although it came to Galveston on local bills of lading, was in fact destined for foreign transportation, and that the transportation from point of delivery to Galveston was a part of the journey to a foreign port. The testimony of the appellee, Langbehn, establishes this fact beyond controversy, and brings these shipments clearly within the authority of the Sabine Train Co. Case, supra.

In the case of Armstrong v. G., H. & S. A. Ry. Co., 92 Tex. 117, 46 S. W. 33, it was held by our Supreme Court that the provisions of articles 3378 and 3379 were valid and effective in contracts for interstate or foreign transportation, but this decision was based upon the federal laws with regard to interstate commerce then existing, and before the enactment of the present statute on that subject above referred to, and the court cites the case of Railway v. Solan, 169 U. S. 133, 18 Sup. Ct. 289, 42 L. Ed. 688, from which it quotes at length. This case is also cited by the Supreme Court of the United States in Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. ——, along with other cases, as indicative of the rule of decision on this question before the enactment of the federal statute of 1906. In the Croninger Case the court says: "Prior to that amendment the rule of carrier's liability, for an interstate shipment of property, as enforced in both federal and state courts, was either that of the general common law as declared by this court and enforced in the federal courts throughout the United States (Hart v. Railroad, 112 U. S. 331 [5 Sup. Ct. 151, 28 L. Ed. 717]), or that determined by the supposed public policy of a particular state (Pennsylvania Railroad v. Hughes, 191

U. S. 477 [24 Sup. Ct. 132, 48 L. Ed. 268]), or that prescribed by statute law of a particular state (Chicago, etc., Railroad v. Solan, 169 U. S. 133 [18 Sup. Ct. 289, 42 L. Ed. 688])."

[4] In the case of M., K. & T. Ry. Co. v. Harriman Bros., 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. ——, decided March 10, 1913, on appeal from the Court of Civil Appeals of the Fifth District of Texas, it was held, quoting from the syllabus, which is fully sustained by the opinion, that "state laws declaring contracts invalid which require the bringing of an action against a carrier for loss of or damage to a shipment in less than the statutory period were superseded, so far as interstate shipments are concerned, by the Carmack amendment of June 29, 1906, to the act of February 4, 1887, § 20, which furnishes the exclusive rule on the subject of the liability of the carrier under the contracts for interstate shipments. The shipper and carrier of an interstate shipment are not forbidden to stipulate that an action against the carrier in case of damage to shipment must be brought within 90 days after the damage was sustained, by the provisions of the Carmack amendment of June 29, 1906, to the act of February 4, 1887, § 20, prohibiting exemptions from liability imposed by that act."

[5] In that case the Court of Civil Appeals had approved a charge of the trial court that: "The contract of shipment in this case contains, among other things, a stipulation that suit for any damages growing out of this shipment must be commenced within 90 days. You are instructed that such stipulation is void, and not binding upon the plaintiff herein." It was held by the Supreme Court of the United States, speaking of this stipulation in the contract: "The liability imposed by the statute (the Carmack amendment) is the liability imposed by the common law upon a common carrier, and may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence"—and it was held that the 90-day limitation for bringing suit was not unreasonable. This declaration of the law by the Supreme Court of the United States, the tribunal of final authority for the settlement of such questions, is of controlling force, and is decisive of the question now before us. We are compelled to conclude that the stipulation in the shipping contracts in this case, requiring suits to be brought before the expiration of two years after the cause of action arose, is valid and binding. Under this view of the law, as was held by us in our last opinion in this case, of which a rehearing is here sought, appellee's cause of action for the "DONE" cotton is barred by this contractual limitation of two years, and the

motion for rehearing is therefore overruled.

It is not necessary to determine what effect these decisions of the United States Supreme Court would have upon the stipulation as to 90-day notice of claim, which in our first opinion we held invalid under the authority of the Taber Case, that matter having been some time since finally disposed of, and no further contest being made as to that by appellant.