GALVESTON, H. & S. A. RY. CO. v. CARMACK. (No. 418.)

(Court of Civil Appeals of Texas. El Paso. April 22, 1915.)

1. COMMERCE ⊚⟿33—"INTERSTATE COMMERCE" —WHAT IS.
   A shipment from a point in the state to a point in a sister state is an "interstate" shipment, though the initial carrier obligated itself to transport the goods wholly in the state.
   [Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 26, 81; Dec. Dig. ⊚⟿33.
   For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. CARRIERS ⊚⟿218—BILL OF LADING—STIPULATIONS—VALIDITY.
   Under the Carmack Amendment to the Interstate Commerce Act (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 593 [U. S. Comp. St. 1913, § 8592]), a stipulation in a bill of lading of animals that, in case of loss of any of the animals from any cause for which the carrier is liable, the value thereof shall be its actual cash value at the time and place of shipment, not to exceed a specified sum per head, is valid, and governs the assessment of damages.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. ⊚⟿218.]

3. PLEADING ⊚⟿412 — FAILURE TO REPLY — WAIVER.
   Special denial by plaintiff of defensive matter pleaded by defendant is waived by proceeding to trial as if issue had been properly joined, and the objection cannot be raised for the first time after an adverse verdict.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. ⊚⟿412.]

Appeal from Brewster County Court; A. M. Turney, Judge.

Action by G. C. Carmack against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. B. Teagarden, of San Antonio, W. Van Sickle, of Alpine, and Baker, Botts, Parker & Garwood of Houston, for appellant. J. C. Brooke, of Alpine, for appellee.

WALTHALL, J. Carmack sued appellant to recover the value of five horses shipped from Alpine, Tex., to Little Rock, Ark.; the animals having died from injuries negligently inflicted while being transported over appellant's line of railroad from Alpine to San Antonio, Tex. The bill of lading issued by appellant discloses that the animals were waybilled from Alpine to Little Rock. It was stipulated therein that the railway company should transport the animals from Alpine to San Antonio, the end of the line of road operated by appellant, on the route over which the same were waybilled, there to be delivered to the consignee or transferred to the railway company over which they were waybilled for further transportation.

[1] Plaintiff's pleadings and the undisputed evidence disclose that the animals when shipped from Alpine, were destined to Little Rock, Ark., and there is no merit in the contention that it was an intrastate shipment. The fact that appellant only obligated itself to transport the animals to San Antonio does not affect the interstate character of the shipment. It was clearly interstate in its nature. Navigation Company v. Insurance Company, 89 Tex. 1, 32 S. W. 889, 30 L. R. A. 713, 59 Am. St. Rep. 17; Railway Co. v. Langbehn, 158 S. W. 244; Railway Company v. Grain Company, 72 S. W. 419; Id., 73 S. W. 845.

[2] Error is assigned to the action of the court in admitting testimony as to the market value of the horses at Little Rock, which was objected to upon the ground that this was not the proper measure of damages; the correct measure being the market value at Alpine.

The bill of lading provided, in case of loss of any of the animals from any cause for which the company would be liable, that the value thereof should be its actual cash value at the time and place of shipment, not to exceed $100 per head. In view of this provision of the contract, which was specially pleaded, it was error to admit the testimony indicated. If, in an interstate shipment of property, the value of same is fixed by agreement between the parties as of its market value at the time and place of shipment, this valuation must govern in assessing the damages at a trial of the issue.

This is well settled in view of the act of Congress approved June 29, 1906, commonly known as the Carmack Amendment, and the decisions construing same. Railway Co. v. Sparks, 162 S. W. 943; Railway Co. v. Langbehn, 158 S. W. 244; Railway Co. v. Carl, 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683; Railway Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 491, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Railway Co. v. Latta, 226 U. S. 519, 33 Sup. Ct. 155, 57 L. Ed. 328; Railway Co. v. Miller, 226 U. S. 513, 33 Sup. Ct. 155, 57 L. Ed. 323.

The assignment indicated is sustained, as well as the second, which asserts that there was no proper evidence before the court of plaintiff's damage upon which to base a judgment.

[3] The third is overruled. Special denial by plaintiff of the defensive matter pleaded by defendant was waived by proceeding to trial as if issue had been properly joined upon the allegations in the answer. The objection

was waived that the defense pleaded was admitted because not controverted, and could not be raised for the first time after an adverse verdict had been returned. Railway Co. v. Pennington, 166 S. W. 464; Tel. Co. v. Andrews, 169 S. W. 218; Railway Co. v. Tomlinson, 169 S. W. 217; Hill County, etc., v. Gathings, 173 S. W. 597.

Reversed and remanded.

———

⬢⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes