

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Shelby K. Long
Assistant District Attorney
Beaumont, Texas

Dear Sir:

Opinion No. 0-4358
Re: Whether or not an independent
school district may follow the
procedure provided for the
state and county where it de-
sires to sell property upon
which it has obtained judgment
for delinquent taxes in 1934
and which it bid in at a sher-
iff's sale and has held the
same pursuant to a tax deed
for more than the statutory
period of redemption.

We have received and considered your request for an opin-
ion from this department. We quote from your request:

"Some years ago the Port Arthur Independent
School District of Jefferson County, Texas, filed suits
to foreclose their lien for taxes on a number of pieces
of property in that district. No other taxing agencies
intervened or were made parties to the suit, and they
secured their judgment for foreclosing the lien, execut-
ion was issued, the property sold at a Sheriff's sale,
being bought in by Port Arthur Independent School Dis-
trict, there being no other bidders. This property has
been held since 1934 and now the school district is
desirous of selling this property and I believe have
purchasers who are willing to purchase the property,
paying up all delinquent taxes.

"The attorney for the Independent School District
in Port Arthur came into court and filed a motion in the
original suit asking the District Court to order the
Sheriff to sell this property for the Port Arthur Inde-
pendent School District at a Sheriff's sale; said order

was delivered to the Sheriff, and the Sheriff questioned his authority to sell the property a second time under the original executions; therefore, it was referred to this office. I advised the Sheriff, as well as the District Judge, that in my opinion the Sheriff has no authority to sell this property at a Sheriff's sale after its having been purchased at a Sheriff's sale by the Port Arthur Independent School District; therefore, the District Judge directed the Sheriff to hold his order in abeyance until further orders of the court. This question being an interpretation of the statutes, I am asking for an opinion from your department for the proper procedure the independent school district should follow in selling property after it has been held by them as purchasers of the Sheriff's sale and foreclosure of the tax lien and execution thereunder and held for a time exceeding the statutory requirements, to-wit: two years and six months."

Article 2791 of the Revised Civil Statutes of Texas provides:

" * * * provided that in the enforced collection of taxes the Board of Trustees shall perform the duties which devolve in such cases upon the city council of an incorporated city or town, the president of the Board of Trustees shall perform the duties which devolve in such cases upon the mayor of an incorporated city or town, and the county attorney of the county in which the independent school district is located shall perform the duties which in such cases devolve upon the city attorney of an incorporated city or town under the provisions of law applicable thereto. * * * "

We have been unable to find any case construing the provisions of the statute quoted above.

Article 7337 of the Revised Civil Statutes of Texas provides:

"Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter."

Article 7343 of the Revised Civil Statutes provides:

" * * * Independent school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding officer. The school board may, when the delinquent tax lists and other records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits. If the school board instructs the county attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney of the county to file suit. The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the same fees as provided by law in suits for State and county taxes. No other county officer shall receive any fees unless services are actually performed, and in that event he shall only receive such fees as are now allowed him by law for similar services in civil suits. The employment of an attorney to file suit for taxes for cities, towns or independent school districts shall authorize said attorney to file said suits, swear to the petitions and perform such other acts as are necessary in the collection of said taxes.

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

From the facts submitted by you in your rquest, we conclude that the independent school district has proceeded up to the present time under the statutory procedure authorizing the state and county to bring suits for delinquent taxes, obtain judgment therefor and authorizing the sale of such property, all of which is provided in Chapter 10 of Title 122 of the Revised Civil Statutes of the State of Texas.

Chapter 10 of Title 122, supra, specifically deals with "delinquent taxes." The statutes therein found seem to be complete, within themselves, or by specific reference to other applicable statutes, concerning the procedure to be followed by the respective taxing authorities and officials charged with the duty of collecting state and county delinquent taxes. In this same Chapter is found Articles 7337 and 7343, supra, which, evidently were meant to confer the same rights, privileges and make available the same procedure for the benefit of cities, towns and villages, incorporated under the general law, as well as upon independent school districts, insofar as the laws for such purpose, for the benefit of the state and county, are applicable. If the provisions of Chapter 10 are applicable to independent school districts and such districts can properly avail themselves of the procedure therein provided, then we think Article 7328 of said Chapter 10, supra, will answer your question. The cases that have arisen in the courts might be of some help in arriving at a conclusion on this point.

In Duclos vs. Harris County, (Com. App.) 298 S. W. 417, Harris County sued to recover from Duclos, District Clerk, excess fees charged by him in tax suits filed with the Clerk which suits are for taxes other than state and county. The issue was whether the District Clerk could charge larger fees in such suits than he could charge in regular state and county tax suits. The court said:

"In 1895 the Legislature enacted a statute making provision for collection of delinquent, etc., state and county taxes; the statute was largely rewritten, and its provision made available to cities, towns and school districts, in 1897; it was later amended in various particulars, and its present form is chapter 10, title 122, articles 7319-7345, R. S. 1925. In article 7337 (originally enacted in 1897) it is provided that:

"'Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter.'

"And in article 7343 (enacted in 1920 and amended in 1923) it is provided, inter alia, that:

"'All laws of this state for the purpose of collecting delinquent state and county taxes are by this

Honorable Shelby K. Long, Page 5

law made available for, and when invoked shall be
applied to, the collection of delinquent taxes of
cities and towns and independent school districts
in so far as such laws are applicable.'

"Those provisions gave the authority for the
suits out of which this controversy arose. The chap-
ter, then, became 'available for' and, having been
'invoked,' must be 'applied to' the subject matter
in so far as relevant."

In the case of Dill vs. City of Rising Star, (Com. App.)
298 S. W. 417, it was held that in view of Article 7343, Articles
7321 and 7336 of the Revised Civil Statutes of Texas are made ap-
plicable to cities, so that in an action by the city for delinquent
taxes the current tax roll and delinquent tax list prepared by the
city council and certified to as correct by the mayor make a prima
facie case as to the regularity of assessing and levying the taxes.

In the case of City of San Antonio vs. Berry, 92 Tex.
319, 48 S. W. 496, the court considered the provisions of Article
7337 (which was then Article 5232-k, R. C. S., 1895, being Section
11 of Laws, 1895, p. 53) and the court said:

"In our opinion, Section 11 was not intended to
take away the express authority given to any city by
special charter to bring an ordinary suit to recover
its taxes. Its purpose was merely to authorize cities,
towns and school districts to accept the benefits of
that act, should they see proper to procede in the man-
ner pointed out therein. * * * "

In the case of McCallum vs. City of Richardson, (Civ.
App.) 121 S. W. (2d) 423, writ of error dismissed, the court con-
sidered the provisions of Articles 7337 and 7343, in connection
with the validity of a contract executed by and between the city
and a tax attorney, with reference to its applicability to an in-
corporated city and the court likewise discussed the general power
of an incorporated city, town, or independent school district to
manage its tax affairs. We quote from the opinion:

" * * * Obviously, this statute (Article 7335a)
has special application to contracts entered into by
Commissioners' Courts of counties for collection of

694

state and county taxes, and has no bearing whatever on the rights of cities, towns, and school districts and other municipalities, except as a cumulative provision authorized by article 7337, reading:  'Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter.'  Such article was not intended to take away the authority given to cities, towns, and schools by special charters, or otherwise, to bring an ordinary suit to recover taxes and make contracts for the collection thereof. Cities, towns, and school districts have the right to sue and be sued, contract and be contracted with and conduct and control all of its affairs, particularly their finances and taxes."

In the case of City of South Houston vs. Dabney, (Com. App.) 120 S. W. (2d) 436, the court held that under the provisions of Article 7343 the City of South Houston could contract with an attorney to collect its delinquent taxes and that in view of the specific limiting provisions of the statute, relating to the compensation of such attorney and limiting his compensation to the same fees as allowed the county attorney or district attorney in suits for collection of state and county taxes" the general concluding paragraph of such statute did not authorize the execution of a contract for a percent of the taxes, penalties and interest collected as contemplated in Article 7335, Revised Civil Statutes of Texas.  The court made this observation:

"With reference to the language contained in the concluding clause of this Article, it may be conceded for the purpose of discussion that such language, standing alone, is sufficiently broad to embrace any authority provided by some other statute for the employment and compensation of an attorney for the collection of state and county taxes which are delinquent; but however this may be, * * * ."

In the case of Bell vs. Mansfield Independent School District, (Com. App.) 133 Tex. 403, 129 S. W. (2d) 629, it was held that the ruling in the Dabney case, supra, was not applicable to compensation allowed in contracts executed by an independent school district with an attorney to collect delinquent taxes and that the provisions of Article 7335-a of the Revised Civil Statutes of Texas was applicable to such contracts.  The court said, with reference to Article 7343, supra:

695

"Article 7343, R. S. 1925, deals specifically with the question before us for decision. * * *

" * * *

"Referring back to the portions of Article 7343 above copied, it will be observed that cities and independent school districts are dealt with separately therein. * * * Independent school districts may lawfully contract to pay the fees provided by law in suits for state and county taxes. * * *

" * * *

" * * * By the concluding sentence of Article 7343, above quoted, all laws of this state for the purpose of collecting delinquent state and county taxes shall be applied to the collection of delinquent taxes of independent school districts in so far as such laws are applicable. * * * "

From a consideration of said Articles 7337 and 7343, supra, and the constructions placed upon them by our courts, we have no doubt but that an independent school district may proceed to collect its delinquent taxes according to the existing laws provided for the state and county to collect their delinquent taxes. It follows, therefore, that it is our opinion that the available statutory procedure provided for the state and county in such suits may be adopted and followed by an independent school district insofar as the same is applicable to its own collection. We see no valid reason why the provisions of Article 7328 of Chapter 10 of Title 122, supra, are not applicable and could not be followed by the school district in your particular case. The pertinent part of that statute provides:

" * * * If any of the land thus sold to the State is not redeemed within the time prescribed by this law, the sheriff shall sell the same at public outcry to the highest bidder for cash at the principal entrance to the court house in the county wherein the land lies, after giving notice of sale in the manner now prescribed for sale of real estate under execution, provided when notice is given by posting notices, one of the said notices shall be posted in a conspicuous place

696

upon the land to be sold. Said notice shall con-
tain a legal description of the land to be sold; the
date of its purchase by the State, the price for
which the land was sold to the State; that it will
be sold at public outcry to the highest bidder for
cash, date and place of sale. All sales contemplated
herein shall be made in the manner prescribed for the
sale of real estate under execution, and the sheriff
is hereby authorized, and it is hereby made his duty
to reject any and all bids for said land when in his
judgment the amount bid is insufficient or inadequate,
and in event said bid or bids are rejected the land
shall be re-advertised and offered for sale as pro-
vided for herein, but the acceptance by the sheriff
of the bid shall be conclusive and binding on the ques-
tion of the sufficiency of the bid, and no action shall
be sustained in any court of this State to set aside
said sale on grounds of the insufficiency of the amount
bid and accepted. * * * The sheriff shall send the
amount received from such sale to the State Treasurer
after deducting the amount of the county taxes, interest
and penalty of the county tax which he shall pay to the
county treasurer. The sheriff, in behalf of the State,
shall execute a deed conveying title to said property
when sold and paid for."

We think the Port Arthur Independent School District can be sub-
stituted for the word "abate" in the applicable part of the stat-
ute without consequence. We believe such procedure was clearly
contemplated by the Legislature in the enactment of Articles
7337 and 7343, supra.

Article 7328, supra, provides for a sale of property bid
in and held by the state where it has not been "redeemed within
the time prescribed by law." Clearly under the holding of the
court in the case of Hinkson vs. Lorenzo Independent School Dis-
trict, 109 S. W. (2d) 1008 (writ of error dismissed) and in view
of our Opinion No. 0-817, Article 7284-a, R. C. S. of Texas,
governs the period of time allowed for redemption in instances
such as are referred to by you in your request.

We have not by our conclusion, expressed in this opinion,
foreclosed the possibility that an independent school district
might, under authority of Article 2791, supra, and under the holdings

in the cases of City of San Antonio vs. Berry, supra, and McCallum vs. City of Richardson, supra, properly proceed to bring tax suits for delinquent taxes in some other lawful manner. We do not find it necessary to consider this phase of the law, since under the facts submitted by you, it is evident to us that the independent school district has already proceeded under the provisions of the law relating to collection of state and county delinquent taxes and that you only desire to know if it is permissible, in our opinion, to sell the property under the statutory procedure provided in such cases for the sale of property held by the state, by virtue of the school district having bid it in at a tax sale and after having held the same by virtue of a sheriff's tax deed over and above the statutory redemption period.

We have not mentioned Article 7345-b in this opinion. It was enacted and became effective in 1937. We find nothing in the provisions of that Act indicating that it was intended to apply in instances where final judgment for delinquent taxes had already been obtained. We think this point could be said to be ruled by the holding in the case of City of San Antonio vs. Berry, supra, which court said:

> "As was said in our original statement the transcript does not show when the original petition was filed. * * * It is clear, we think, that if the suit was brought before the statute was passed, the proceedings would not be affected by it. Not only is there nothing to show that it was intended to abridge any existing remedies conferred by law * * * but it is clear that this section was to have only a future effect, and was not intended to operate upon existing suits."

It is our further opinion, therefore, that Article 7345-b is not controlling nor applicable to the proposition submitted by you.

In your request you have referred us to Articles 7308 and 7313 of Chapter 9 of Title 122 of the Revised Civil Statutes of Texas which you indicate in your opinion might be applicable to the proposition submitted by you. We do not believe those statutes are applicable. They are a part of Chapter 9 of Title 122 entitled "Back taxes on unrendered lands" and deal with

instances of summary sale by the tax collector. In our opinion
No. 0-683-A, a copy of which is enclosed, we held that the Tax
Assessor-Collector has no power to levy on nor sell real estate
for delinquent taxes except after foreclosure of the tax lien
by a court as provided in Article 7328-A, R. C. S. of Texas. We
think the conclusion therein expressed is likewise applicable
to sales of real estate for delinquent taxes by an independent
school district.

We gather from the facts stated in your letter of inquiry
that the procedure outlined in that part of Article 7328, not
quoted above, was in all things followed and that at the sale of
the land for taxes, the school district became the purchaser, and
a deed was made to it by the sheriff in accordance with the statute.
It is made further to appear that since the owner did not redeem
the land within the period of redemption, which has long since ex-
pired, the district now desires to sell the land. Your question
is, what is the proper procedure to be followed in making the sale?

We think this question is clearly answered by that part
of Article 7328, which we have fully quoted above. Since this
Article only refers to land sold to the State, but which we have
held also applicable to school districts, when invoked by them,
we believe it would be proper for the school board to pass a reso-
lution and to state therein the pertinent facts which are required
by the quoted portion of said Article to be contained in the
sheriff's published notice, and requesting him to sell said property
as the statute directs. A certified copy of the resolution should
be furnished the sheriff. Such a resolution may not be necessary,
but it is undoubtedly not improper. The sheriff will prepare and
publish the notice of sale in accordance with the statute; sell
the land and, in behalf of the school district, execute a deed
conveying title to said land to the purchaser.

With reference to the notice of sale required to be
given by the sheriff, under the Article above considered, we call
your attention to Acts 1941, 47th Leg., Reg. Ses., Ch. 303, H. B.
193, p. 480, and especially to subd. 4 of Article 29a thereof.

We trust that, in this manner, your inquiry has been fully
answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:ej
Encl.