## J. C. B. TABER v. WESTERN UNION TELEGRAPH COMPANY.

### No. 2155. Decided May 10, 1911.

**1.—Contract—Notice of Claim—Statute.**

Revised Statutes, art. 3379 (Act of March 4, 1891, amended by Act of April 18, 1907, Laws, 30th Leg., p. 241) declaring invalid contracts stipulating for notice to be given of claims for damages, where the time limited therefor is a less period than ninety days requires such period to be computed from the accrual of the cause of action, not from the date of the contract under which it arose. (Pp. 277, 278.)

**2.—Same—Telegraph.**

A stipulation in a printed telegraph blank, constituting the contract assented to by the sender, that the company should not be liable for damages unless claim was presented in writing within ninety days after the message was filed for transmission, imposed a less period for such notice than was permitted by the statute (Rev. Stats., art. 3379) and recovery could be had for negligent delay in its transmission though notice was not given. Baldwin v. Western U. Tel. Co., 33 S. W., 890, overruled. (Pp. 274-280.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Taber sued the telegraph company and had judgment. Defendant appealed, and judgment being reversed and rendered, plaintiff, appellee, obtained writ of error.

*E. G. Senter* and *Carden, Starling, Carden & Hemphill,* for plaintiff in error.—A stipulation contained in a contract for the transmission of a telegraph message, providing that the transmitting company should not be liable for damages in any case where the claim is not presented in writing, within ninety days after the message is filed with the company for transmission, as contradistinguished from the time in which the message is delivered, is unreasonable, as a matter of law, in that it does not provide for the ninety day period required by statute. Pacific Exp. Co. v. Darnell, 6 S. W., 765; Western U. Tel. Co. v. Smith, 130 S. W., 622; Brass v. St. Louis & S. W. Ry. Co., 103 S. W., 1075.

The statute is valid notwithstanding the message was an interstate one, as the State has a right to enact such provision in reference to interstate messages. Armstrong v. Railway Co., 92 Texas, 117.

A stipulation relative to giving notice of claim for damages is reasonable as a matter of law only when the undisputed facts make it apparent that reasonable minds could not differ. Missouri P. Ry. Co. v. Harris, 67 Texas, 167; Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 104; Houston & T. C. Ry. Co. v. Davis, 88 Texas, 593; Missouri, K. & T. Ry. Co. v. Godair Com. Co., 39 Texas Civ. App., 298; Texas & P. Ry. Co. v. Adams, 78 Texas, 372; Gulf, C. & S. F. Ry. Co. v. Wright, 1 Texas Civ. App., 402; Missouri P. Ry. Co. v. Paine, 1 Texas Civ. App., 621; Missouri P. Ry. Co. v. Childers, 1 Texas Civ. App., 302; Texas & P. Ry. Co. v. Barber, 30 S. W., 500; International & G. N. Ry. Co. v. Garrett, 5 Texas Civ. App., 540; Phillips v. Western Union Tel. Co., 95 Texas, 638; St. Louis & S. F. Ry. Co. v. Honea, 84 S. W., 267; Southern Kan. Ry. Co. v. Curtis, 99 S. W., 567.

*N. L. Lindsley, W. S. Bramlett, Yancey Lewis* and *Wm. H. Clark,* for defendant in error.—No claim for damages in writing was presented to the defendant in ninety days as required by the contract subject to which the message in suit was sent. Telegraph Co. v. Rains, 63 Texas, 27; Railway Co. v. Trawick, 68 Texas, 314; Telegraph Co. v. Culberson, 79 Texas, 65; Lester v. Telegraph Co., 84 Texas, 408; Telegraph Co. v. Vanway, 54 S. W., 415.

There being neither allegations or proof of any facts which would tend to establish that ninety days was an unreasonable or insufficient time within which to give the defendant notice in accordance with the terms of the contract, the question as to whether or not the time stipulated in the contract for the presentation of the claim was reasonable or unreasonable was one of law for the court. Telegraph Co. v. Vanway, 54 S. W., 414; Telegraph Co. v. Ward, 51 S. W., 259; Croswell on Electricity, sec. 609; Joyce on Electricity, sec. 713; Telegraph Co. v. Dougherty, 15 S. W., 468; Manier v. Telegraph Company, 29 S. W., 732.

The conditional clause embodied in the message and plead in bar of the claim sued upon as an estoppel is not a "condition precedent," as held by this court, but is a condition subsequent, and does not, therefore, fall within the inhibitions of the statute (article 3379), which relates to "conditions precedent" alone; the only kind of a stipulation prohibited by the Act being a stipulation "in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon." Revised Statutes, art. 3379; Phillips v. W. U. T. Co., 95 Texas, 638; Western U. T. Co. v. Piner, 9 Texas Civ. App., 152; Western U. T. Co. v. Karr, 5 Texas Civ. App., 60.

Within ninety days after the message was filed with the company for transmission, was and is within ninety days after the cause of action accrued. The period of time in each is the same. Revised Statutes, art. 3379; Western U. T. Co. v. Taber, 127 S. W., 268; Telegraph Co. v. Vanway, 54 S. W., 414; Telegraph Co. v. Rains, 63 Texas, 27; Telegraph Co. v. Phillips, 30 S. W., 494; Telegraph Co. v. Culberson, 79 Texas, 65; Lester v. Tel. Co., 84 Texas, 408; Railway Co. v. Childers, 1 Texas Civ. App., 302; Thompson, Electr., secs. 250, 255.

It is apparent on the face of the record that the message involved in this case was received by the Telegraph Company at Dallas, in the State of Texas, and under its contract was to be transmitted and delivered at Akron, Ohio. Such message is a matter of interstate commerce, to which article 3379 has no application for the reason that the Legislature of Texas can not say to the telegraph company on what terms it shall contract to transmit a message to a point without the State of Texas. Such a statute, if considered as applying to an interstate message, is unconstitutional and void, because in contravention of article 1, section 8, subdivision 3, of the Constitution of the United States, conferring on Congress the power to regulate commerce among the several States. Pacific Exp. Co. v. Darnell, 6 S. W., 765; Western U. T. Co. v. Pendleton, 122 U. S., 347; Hearn v. W. U. T. Co., 73 N. Y. Supp., 1077; Alexander v. W. U. T. Co., 66 Miss., 161; Western U. T. Co. v. Carter, 60 N. E. (Ind.), 305; Connell v. W. U. T. Co., 18 S. W. (Mo.), 883; Butner v. W. U. T. Co., 37 Pac. (Ok.), 1087.

MR. JUSTICE DIBRELL delivered the opinion of the court.

The plaintiff, J. C. B. Taber, brought this suit against the defendant, Western Union Telegraph Company, in the District Court of Dallas County, to recover damages for the failure to promptly transmit and deliver the following telegram:

"Dallas, Texas, November 5, 1904.

John Taber,
    19 Cherry Street, Akron, Ohio.
Come home at once; mother very sick.

(Signed)  Alf."

It was alleged, in substance, that the foregoing message was on

November 5, 1904, at about 2 o'clock p. m., delivered to the defend-ant for transmission to plaintiff, who was at that time temporarily in Akron, Ohio, and at No. 19 Cherry Street, in said city, and that the message fee was paid. That at the time the message was delivered defendant was made acquainted with the fact that the person referred to in the message as "mother" was the wife of John Taber, to whom the message was addressed, and that she was seriously sick, and that the purpose of the message was to have the said John Taber come home at once that he might be with his wife in what was thought to be her last illness, and that the person sending the message, as Alf, was his son. That had the message been delivered promptly on the 5th day of November plaintiff could and would have taken the first train out of Akron for Dallas, which departed at about 9 o'clock p. m. of that day and would have arrived in Dallas, Texas, about twenty-four hours earlier than he did and about twelve hours before the death of his wife and would have been with her for that length of time to have given her comfort, she having died about twelve hours before plaintiff arrived in Dallas. That instead of delivering the message promptly on the 5th of November the defendant negli-gently kept the message until November 6, when it was delivered to plaintiff, and after its delivery he left Akron, Ohio, on the first train out of that place for Dallas, Texas, and arrived as stated above too late to be with his wife during her dying hours. The claim for damages was alleged to have resulted to plaintiff on account of great mental and physical pain and anguish in the sum of $1999.

The defendant answered by general demurrer, special exceptions, a general denial and specially pleaded in bar of plaintiff's right of recovery that the message delivered to it for transmission and delivery to plaintiff was upon one of its regular and usual blanks, which con-tained the following stipulations:

"Send the following message subject to the terms on the back hereof, which are hereby agreed to." (Here follows the message transmitted, which is the same as above set out.)

At the bottom of the blank and under the message appears these words: "Read the notice and agreement on back." On the back of the blank containing the message, among other stipulations is the following:

"All messages taken by this company are subject to the following terms: The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety days after the message is filed with the company for transmission."

That the plaintiff failed to present in writing within ninety days after the message was filed with the defendant for transmission any claim for damages in compliance with the agreement as set out. The plea properly presented the issue and was verified as provided for by law.

To defendant's special plea of plaintiff's failure to give the notice provided for in the message blank, the plaintiff by supplemental petition, among other things, pleaded as follows:

"Plaintiff shows that the stipulation claimed by the defendant

relative to giving ninety days' notice in writing is unreasonable in that it requires plaintiff to give such notice in an unreasonable manner, to wit, in writing, and in that it required the plaintiff to give such notice within ninety days from the time of the filing of the message for transmission, as contradistinguished from the time that the message was delivered to the addressee. That such stipulation as to giving such notice within ninety days from the filing of the message for transmission, instead of the time of delivery of the message, is unreasonable and violative of the laws of Texas relating to such subjects."

We do not undertake to give all the pleadings, but only such as we deem essential to an understanding of our disposition of the case.

The cause was tried by a jury and resulted in a verdict for plaintiff in the sum of $1500. The defendant appealed to the Honorable Court of Civil Appeals for the Fifth District, and that court reversed the judgment of the trial court and rendered judgment for the defendant, Western Union Telegraph Company, and the cause is before this court upon writ of error.

A number of questions are presented by the assignments on the part of the petitioner for writ of error, but by reason of the disposition we have decided to make of the case it will not be necessary or proper to discuss such collateral issues. We will therefore proceed to determine the main question upon which rests the proper decision of the issues involved.

The plaintiff through his agent delivered to the defendant at Dallas, Texas, for transmission and delivery at Akron, Ohio, the message set out in the foregoing statement of the nature of this cause, which was written upon the ordinary and usual blank of defendant. This blank form upon which the message was written and which constituted the contract between the plaintiff and defendant, contained this stipulation:

"All messages taken by the company are subject to the following terms: The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety days after the message is filed with the company for transmission."

Notice of plaintiff's claim for damages was not given in compliance with the terms of the stipulation contained in the blank form constituting the contract between the parties as above set out, and no substantial grounds rendering the stipulation unreasonable, if otherwise valid, were shown. It follows, therefore, that if the foregoing stipulation is valid the defendant must recover; if invalid the plaintiff must prevail. This conclusion, of course, is based upon the assumption that all other questions involved in the case have been properly disposed of by the Court of Civil Appeals, and it is our opinion that all such questions have been by said court so disposed of.

Prior to March 4, 1891, there was not in this State any statute inhibiting stipulations in contracts requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon, and such stipulations, while regarded as in derogation of the common law, which imposed no limitation on actions arising out

of contracts, were relegated to the question of their reasonableness, and with this qualification were recognized as valid.

There is a long line of decisions in this and other States holding that contracts by telegraph companies containing the stipulation that claims for damages growing out of such contracts must be made within a limited time from the filing of the message as a condition precedent to the right to sue, were valid where such limitations were reasonable, and such decisions embrace cases where the limitations were set at thirty, forty, sixty and ninety days, and in some instances where the limitation was put as low as fourteen days, but all such decisions in this State were made before we had any legislation upon the subject. These decisions were based upon the proposition that such corporations could by contract require the presentation of a claim for damages growing out of such contract, within a prescribed time, as a condition precedent to the right of the complaining party to sue, where the limitation was reasonable in character, and in the absence of any statute prohibiting or restricting such contractual stipulations. This is true of the cases of Western U. Tel. Co. v. Rains, 63 Texas, 27; Western U. Tel. Co. v. Culberson, 79 Texas, 65, and Lester v. Telegraph Co., 84 Texas, 313, cited and discussed in the opinion of the Court of Civil Appeals in deciding this case.

The Act of March 4, 1891, carried into the Revised Statutes of 1895, as article 3379, and amended in 1907, provides as follows:

"Art. 3379. No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void. . . ."

The defendant, basing its right to prescribe a time limit within which all claims for damages growing out of any of its contracts with its patrons should be made, or the right to recover upon such claims denied, inserted in its blank form upon which plaintiff's message was written the stipulation requiring any claim for damages he might assert to be made "within ninety days after the message is *filed* with the company for transmission."

Article 3379, as it relates to the time from which the ninety day period should be computed is indefinite and not fixed with certainty, but we think such period may be ascertained with reasonable accuracy by applying the well recognized rules controlling statutory construction. Among the many such rules laid down for the interpretation of our statutes will be found those which suggest that for the purpose of effecting the object of the statute a liberal construction should be given, and that search should be made for the intent of the Legislature in passing the Act, having in view the remedy designed by the enactment of such statute. Keeping in mind the application of these rules and applying them to the statute under consideration we are of the opinion the ninety day period should be computed from the time the cause of action arose, and that such period was intended by the Legislature to be designated. The purpose of the Act was to fix a minimum period of ninety days from the time the cause of

action arose in which notice of any claim for damages might be required by stipulation as a condition precedent to the right to sue, and to declare as matter of law the invalidity of any contract undertaking to fix a shorter time than ninety days in which such notice is required to be given.

The statute is general in its application and was not designed to embrace telegraph companies alone, and if it should be construed to mean that the computation of the ninety day minimum period should begin the day after *entering into,* or *filing* the contract, then the law could by many apt illustrations be reduced to an absurdity. In illustration of this assertion let us suppose that A enters into a contract with a telegraph, telephone or railway company that is not or can not be performed within a shorter period than six months or a year, containing the stipulation as a condition precedent to his right to sue that notice of any claim for damages arising out of such contract shall be given within ninety days after such contract is filed, or entered into, it would not be contended that such a stipulation would be held to be in consonance with the statute, as the ninety days might have elapsed before the cause of action accrued, and yet if the contention of defendant is tenable the other contention would be equally so. If it should be considered that the illustration above given is too extreme then we take one more practicable and of every day occurrence. Suppose A delivers to the railway company, at Beaumont, goods to be shipped to El Paso by freight and the stipulation is contained in the bill of lading that as a condition precedent to A's right to sue for damages arising out of such contract of shipment he shall present his claim for damages within ninety days after the bill of lading is filed with the company, or is executed, and after the lapse of twenty days the railway company fails to deliver the goods and it is ascertained they are lost, in which instance A would have only seventy days from the accrual of his cause of action in which to present his claim for damages, or be precluded from entering suit. The fallacy of such contention arises from the fact that if the stipulation in effect requires the notice to be given at any period less than ninety days after the cause of action arises the contract is rendered void. The vice is none the less flagrant because one day is taken from the ninety and eighty-nine days left, than if eighty-nine days were taken from the ninety and one day left. The statute is inhibitive and mandatory, and deals with the subject of restricting the right of the citizen to sue as odious, and governed by the well established and just rule in such cases must be strictly construed against the validity of contracts arising thereunder so abridging the right of the citizen to maintain his suit for damages. Bishop on Noncontract Law, secs. 410-417.

The objection urged to the invalidity of the stipulation contained in the contract pleaded as a defense against plaintiff's right to recover is not satisfactorily met by the suggestion that in the nature of defendant's business the right of action usually accrues on the day the message is filed, for if this was invariably true the stipulation as contained in the present contract contravenes the statute, for the reason that it requires the notice to be filed within ninety days after

the filing of the message with the company, which, in effect, requires the notice to be given in a period less than ninety whole days. The statute is plain in its terms that "any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void." The provision in the contract requiring that notice shall be given *within* ninety days after the filing of the message we construe to mean that such notice shall be given before the expiration of ninety days after the filing of the message, and hence is void. The statute gives the claimant ninety full days as the shortest time to which he may be prescribed by contract in presenting his claim for damages, and any abridgement of that right annuls the contract.

The New York Court of Appeals, in Merchants & Traders Bank v. Mayor, etc., 97 N. Y., 361, in construing a city ordinance which provides for notice to be given "at any time within ten days after the completion" of certain work, held such ordinance to mean that notice must be given before the expiration of ten days after the completion of the work.

It is our opinion that even if the stipulation was not repugnant to the provisions of the statute by requiring the notice to be given "within ninety days," that the same is nevertheless void by virtue of the provision arbitrarily fixing the period from which the ninety days shall be computed at the time of filing the message, as contradistinguished from the time the cause of action arose as provided for in the statute as we construe its meaning. The statute is in the nature of an infringement upon the right of the citizen and a concession to such corporations as are engaged in such business, the nature of which requires an early knowledge of the grounds upon which a claim for damages may be based, so that the evidence may not be destroyed or fade away with the lapse of time, and in turn it is demanded of those who seek its protection to strictly comply with its provisions and bring themselves within its terms, showing all stipulations made in virtue of the statute affecting the right to sue for damages growing out of a breach of contract are in perfect harmony and not in conflict with the law. The requirements of this rule are not satisfied by placing in the contract an arbitrary period, contrary to the statute, from which to compute the time of the running of the ninety days made the minimum time in which such stipulation requires notice to be given of any claim for damages as a prerequisite to the right to sue therefor.

The contract under discussion is pregnant with uncertainty, and while in one instance the cause of action might arise on the same day the message is filed, in another it might be three, five or ten days after the filing of the message, and public policy demands that such stipulation claiming authority under a statute susceptible of but one reasonable construction should be declared invalid.

The same question involved in this case has not heretofore, so far as we have been able to ascertain, been before this court. The question, however, is not new in this State, having heretofore been discussed and passed upon by our Court of Civil Appeals. In the case of Baldwin v. Western U. Tel. Co., 33 S. W., 890, the Court

of Civil Appeals of the First District, speaking through its chief justice, discussed the precise question here involved and held the stipulation in the contract valid. In dealing with the question the erudite judge discusses mainly the construction to be placed upon the meaning of the statute as to the time from which the notice of the claim for damages shall be computed, and decides that the telegraph company was authorized to fix such computation to begin at the filing of the message. The reason upon which that decision rests, as therein stated, is "the uncertainty of the statute in fixing the time from which the notice shall date." The well recognized rule of statutory construction in cases of statutes in derogation of rights given by the common law seems to have been lost sight of in construing the statute and contract now construed. The rule of construction is universally recognized that those statutes which take from or circumscribe the rights of citizens either as given them by the common law or by former statutes and contracts arising thereunder affecting such rights must be strictly construed against those seeking the deprivation or circumscription of such rights under contract, and in favor of those whose rights are so affected. Sutherland Stat. Const., 400. We can not recognize the reasoning in the Baldwin case as sound, or the conclusion just.

In the case of Western U. Tel. Co. v. Smith, 130 S. W., 622, the question here involved was the subject of discussion and in that case a writ of error was refused by this court. The result reached in the Smith case was correct and nothing therein held can be construed as in conflict with this opinion.

Entertaining the view that the stipulation in the contract under consideration contravenes the plain terms and provisions of the statute, the same is declared invalid. The judgment of the Court of Civil Appeals will therefore be reversed and the judgment of the District Court will be affirmed, and it is so ordered.

*Reversed and judgment of District Court affirmed.*