### GRAND LODGE, COLORED KNIGHTS OF PYTHIAS OF TEXAS, v. HILL. (No. 6890.)

(Court of Civil Appeals of Texas. Austin. Nov. 4, 1925.)

**1. Insurance ⊜812—Suit on beneficiary certificate held not barred by limitation; "accrual of cause of action."**

Where beneficiary under certificate was forbidden to bring suit thereon within 90 days of receipt of proof of death and such proof was not completed until after May 23, 1921, her right of action did not accrue earlier than August 23, 1921, and hence suit instituted on July 14, 1923, was not barred by either two-year limitation in certificate or Rev. St. 1911, art. 5715; "accrual of a cause of action" meaning right to institute and maintain a suit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accrue.]

**2. Insurance ⊜812—Provision in beneficiary certificate confining period of limitation to within two years held invalid.**

Provision in beneficiary certificate that no legal proceeding should be brought within 90 days of receipt of proof of death, and no suit should be brought on certificate unless commenced within two years from time right of action accrued, *held* invalid as confining period of limitation to "within" two years, contrary to Rev. St. 1911, arts. 5713, 5714.

**3. Insurance ⊜817(3)—Insurer had burden of establishing that insured died at hands of beneficiary under circumstances not constituting accident.**

Provision in beneficiary certificate that if member should die by hand of beneficiary, except by accident, certificate should be void, *held* to place burden upon insurer to defeat recovery on certificate to establish not only that insured died by hands of beneficiary, but that

he died at her hands under such circumstances as not to constitute an accident.

Appeal from Williamson County Court; F. D. Love, Judge.

Action by Mary Hill against the Grand Lodge, Colored Knights of Pythias of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

A. S. Wells, of Dallas, for appellant.

W. C. Wofford and H. A. Melasky, both of Taylor, for appellee.

BAUGH, J.  John Hill, husband of appellee, was a member in good standing of appellant lodge on March 7, 1921, and carried $500 insurance in said fraternal order. On or about said date he was shot and killed by his wife, Mary Hill, who was the beneficiary in said policy. Upon appellant's refusal to pay her said insurance, she brought this suit and recovered a judgment therefor in the county court from which judgment this appeal is prosecuted.

The beneficiary certificate contained, among other provisions, and omitting parts not pertinent here, the following:

"(4) If the member holding this certificate shall die * * * by the hand of the beneficiary or beneficiaries herein, except by accident, * * * or in consequence of the violation or attempted violation of the laws of the State or of the United States, * * * this certificate shall be null and void and of no effect. * * *"

"(5) No legal proceedings for recovery under this certificate shall be brought within ninety days after receipt of proof of death by the secretary of the endowment department, and no suit shall be brought upon this certificate unless said suit is commenced within two years from the time the right of action accrued."

The trial was to the court without a jury. In his findings of fact the court found as follows:

"Fifth. I further find that the beneficiary, Mary Hill, at the request of the local secretary of said order at Taylor, Tex., prepared a proof of death on March 28, 1921, and that said proof of death reached the secretary of the endowment department at Dallas, Tex., on April 2, 1921; that thereafter the said company requested additional proof and advised the said Mary Hill that said claim could not be passed upon until the court of Williamson county had made disposition of the criminal proceedings then pending against her, the said Mary Hill, and said company informed of the result of said criminal proceedings; that said criminal proceedings then pending in the criminal district court of Williamson county, Tex., were disposed of on May 23, 1921, said case being dismissed by the district attorney; that thereafter copy of the order dismissing said case was forwarded to said company at Dallas, Tex.; that said additional proof called for by the

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant did not reach its office until after May 23, 1921; that payment of said claim was not finally refused by said company until after the 23d day of May, 1921; that this suit was instituted in the county court of Williamson county, Tex., on the 14th day of July, 1923."

Appellant raises only two questions on this appeal. These questions are:

(1) Did the trial court err in overruling appellant's plea of limitation?

(2) Was the burden of proof upon appellant, defendant below, to establish by a preponderance of the evidence that the death of John Hill, the insured, at the hands of the beneficiary, was not by accident?

[1] The first question must be answered in the negative. The court found that final proof of death was not completed until some time after May 23, 1921. Under the provisions of the certificate, the beneficiary was forbidden to bring a suit thereon within 90 days of the receipt of such proof. Hence under the terms of the certificate appellee's right of action could not have accrued earlier than August 23, 1921. "The accrual of a cause of action" means the right to institute and maintain a suit; and limitation does not begin to run until a complete cause of action has accrued. Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Tex. 521, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629; 39 C. J. 810. Appellee had, then, under the provisions of the certificate and under article 5713, R. S. 1911, at least until August 23, 1923, in which to bring suit. This suit was instituted July 14, 1923.

[2] But we do not wish to be understood as holding these limitation provisions in the policy valid. In Taber v. Western Union, 104 Tex. 272, 137 S. W. 106, 34 L. R. A. (N. S.) 185; T. & P. Ry. Co. v. Langbehn (Tex. Civ. App.) 158 S. W. 244; Fire Ass'n v. Richards (Tex. Civ. App.) 179 S. W. 929; and Maryland Casualty Co. v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 258 S. W. 587, similar provisions were held invalid as in contravention of articles 5713 and 5714, R. S. 1911, because the term "within" ninety days or "within" two years was construed as meaning less than the full statutory period allowed, and therefore void. This being a suit on a written contract, and the provision therein attempting to confine the period of limitation to "within" two years being invalid, the four-year statute of limitation therefore applies. Appellee, however, brought herself within the provisions of the certificate itself as to time of filing suit, and a plea of limitation cannot avail the appellant in either event.

[3] The second issue raised by appellant must also be decided against it. This identical question was determined by the Supreme Court of Texas, in Hutcherson v. Sovereign Camp, W. O. W., 112 Tex. 551, 251 S. W. 491, 28 A. L. R. 823. In that case the provision in the certificate was identical in verbiage with that in the case at bar. We think that no useful purpose would be served here either in quoting from that case at length, or reiterating the views there expressed. We content ourselves with referring to that case, the discussion there found, and the authorities there cited, and merely quote the following conclusion there announced as applicable and determinative of the question here raised:

"So, in this case, the burden was upon the insurer to establish, not only that the insured died by the hands of the beneficiary, but that he died at her hands, under such circumstances as not to constitute an accident."

The issue here raised was there expressly decided, and further discussion is unnecessary.

Finding no error in their record, the judgment of the trial court is affirmed.

Affirmed.