# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20540
Summary Calendar

ATWOOD OCEANICS INC

Plaintiff–Appellee

v.

ZUST BACHMEIER OF SWITZERLAND INC

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
4:04-CV-4028

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Zust Bachmeier of Switzerland, Inc. (Zust) appeals the district court's denial of its summary judgment motion. We affirm.

Atwood Oceanics, Inc. (Atwood) contracted with Zust in 2002 to be the packer and freight forwarder of an Atwood Beacon Drillers Control Module (DCM), which Atwood was shipping from the Port of Houston, Texas to the Republic of Singapore. The vessel bearing the DCM left Houston on October 28,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2002 and arrived in Singapore on December 15, 2002. Upon inspection, it was allegedly discovered that the boards covering the DCM's HVAC openings were broken and freshwater was in the cabin, causing $300,000 in damage. On October 19, 2004, Atwood sued Zust on contract and tort theories to recover for the damage to the DCM. Zust filed a conditional motion for summary judgment on March 28, 2006, which the district court denied on May 2, 2006. Upon Zust's motion, the district court amended its order to comply with 28 U.S.C. § 1292(b) to allow for the interlocutory appeal now before this court.[1]

Zust challenges the district court's determination that the notice provision contained in the Terms and Conditions that governed the contractual relationship between Zust and Atwood is void as a matter of law because it violates section 16.071(a) of the Texas Civil Practice & Remedies Code.

Section 16.071(a) states:

> A contract stipulation that requires a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract is not valid unless the stipulation is reasonable. A stipulation that requires notification within less than 90 days is void.[2]

Under Texas law, this statute "must be construed liberally in favor of the common right of redress and strictly against contractual infringements of that right . . . ."[3]

---

[1] The district court granted and denied various other motions for summary judgment filed by the parties in this case, but only the district court's May 2, 2006 order denying Zust's March 28, 2006 conditional motion from summary judgment is before us on this interlocutory appeal.

[2] TEX. CIV. PRAC. & REM. CODE § 16.071(a).

[3] Citizens' Guar. State Bank v. Nat'l Surety Co., 258 S.W. 468, 469 (Tex. Comm'n App. 1924, judgm't adopted) (analyzing TEX. REV. CIV. STAT. ANN. 5714, a predecessor to section 16.071).

The contract in this case provides:

> 9. Presenting Claims:  The Company shall not be liable for any claims of any kind (whether direct or for contribution or indemnity) not presented to it in writing within 90 days of either the date of loss or incident giving rise to the claim.

The parties do not dispute that Atwood failed to present its claim to Zust within 90 days, but the district court determined that this provision was void as a matter of public policy because it violated section 16.071(a).  We agree.  This provision requiring notice of a claim "within 90 days" is "[a] stipulation that requires notification within less than 90 days" that is void under section 16.071(a).[4]

Zust argues that Texas Rule of Civil Procedure 4 and Federal Rule of Civil Procedure 6(a), which state that the day of the event is not included in the computation of a period of time prescribed in a procedural rule, somehow extend the notice requirement of the contractual provision beyond 90 days.  But Zust cites no authority supporting its contention that a rule of procedure explaining how a court should compute a period of time contained in a procedural rule can influence the timing of a contractual provision that does not incorporate the Rules of Civil Procedure.  This argument is therefore without merit.

AFFIRMED.

---

[4] See id. ("[A] stipulation for notice 'within 90 days' is 'a less period than 90 days' within [article 5714's] prohibition."); Taber v. W. Union Tel. Co., 137 S.W. 106, 108 (Tex. 1911) ("The provision in the contract requiring that notice shall be given within 90 days after the filing of the message we construe to mean that such notice shall be given before the expiration of 90 days after the filing of the message, and hence is void [under article 3379, a predecessor to section 16.071]."); Ridglea Estate Condo. Assoc. v. Lexington Ins. Co., 415 F.3d 474, 478 (5th Cir. 2005) (stating in dicta that "[s]ection 16.071 provides that stipulations requiring notice of 'claims of damages' within 90 days are unenforceable"). Cf. Lehtonen v. Clarke, 784 S.W.2d 945, 948 (Tex. App.–Houston [14th Dist.] 1990, writ denied) (holding that interrogatories requiring answers "within 30 days" did not meet Texas Rule of Civil Procedure 168(4), which provides that the time allowed "shall not be less than thirty days").