

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EL PASO COUNTY, | § | No. 08-16-00081-CV |
| Appellant, | § | Appeal from the |
| v. | § | 346th District Court |
| SUNLIGHT ENTERPRISES CO., INC., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2014DCV3555) |
| | § | |

## O P I N I O N

Since 1891, Texas law has provided that a contract stipulation requiring a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract is not valid unless it is reasonable, and that a stipulation requiring notification within less than 90 days is void. TEX. CIV. PRAC. & REM. CODE ANN. § 16.071(a) (West 2015). The construction contract between Sunlight Enterprises Co., Inc. and El Paso County provides that any contractor claims for additional compensation and extension of time are waived unless submitted to the County within seven calendar days. The controlling issue in this permissive appeal is whether Section 16.071(a) of the Texas Civil Practice and Remedies Code applies and renders the seven-day notice provisions void. We conclude Section 16.071(a) does not apply and does not render the seven-day notice provisions void. Accordingly, we reverse and remand this case to the trial court

for further proceedings in light of this opinion.

## BACKGROUND

The County and Sunlight executed a fixed-price construction contract for the renovation of the El Paso County Sports Park. After the County imposed liquidated damages on Sunlight for lack of performance and then terminated the contract, Sunlight sued the County for breach of contract, alleging in part that it had incurred additional costs due to delay and hindrance by the County.[1] The County alleged that Sunlight had waived any claims for additional compensation and additional time to complete the project because it had failed to timely submit those claims as required by Paragraph 13 of the construction contract.

Subparagraph 13(A) of the construction contract requires that all contractor claims be submitted within seven calendar days:

> (A) All Contractor claims against the Owner shall be initiated by a written claim submitted to the Owner and the Architect. Such claim shall be received by the Owner and the Architect no later than seven (7) calendar days after the event, or the first appearance of the circumstances, causing the claim, and same shall set forth in detail all known facts and circumstances supporting the claim[.]

Subparagraph 13(D) provides that in making a claim for an increase in the contract price, the contractor must strictly comply with the seven-day notice provision in 13(A) as a condition precedent to any liability of the owner and that failure to comply constitutes a waiver by the contractor of any claim for additional damages:

> (D) In the event the Contractor seeks to make a claim for an increase in the Contract Price, as a condition precedent to any liability of the Owner therefore, the Contractor shall strictly comply with the requirements of Subparagraph 13(A) above and such claim shall be made by the Contractor before proceeding to execute any additional or changed work. Failure of the condition precedent to occur shall

---

[1] The Local Government Code waives immunity and allows suits against a county for breach of a construction contract to recover, among other things, the increased cost to perform the work as a direct result of owner-caused delays or acceleration. TEX. LOCAL GOV'T CODE ANN. § 262.007(a, b) (West 2016).

2

constitute a waiver by the Contractor of any claim for additional compensation[.] Subparagraph 13(F) similarly provides that in making any claim for an extension of time, the contractor must strictly comply with the seven-day notice provision in 13(A) and that failure to do so results in waiver of any claim for an extension of time:

> (F)  In the event the Contractor should be delayed in performing any task which at the time of the delay is then critical, or which during the delay becomes critical, as the sole result of any act or omission by the Owner or someone acting in the Owner's behalf, or by Owner-authorized Change Orders, . . . the date for achieving Substantial Completion, or, as applicable, final completion, shall be appropriately adjusted by the Owner upon the written claim of the Contractor to the Owner and the Architect.  . . .  Any claim for an extension of time by the Contractor shall strictly comply with the requirements of Subparagraph 13(A) above.  If the Contractor fails to make such claim as required in this Subparagraph 13(F), any claim for an extension of time shall be waived.

Both parties filed motions for partial summary judgment.  Sunlight argued that the seven-day notice deadlines imposed by Subparagraphs 13(A), (D), and (F) were rendered void by Section 16.071(a) of the Texas Civil Practice and Remedies Code, which provides:

> (a)  A contract stipulation that requires a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract is not valid unless the stipulation is reasonable.  A stipulation that requires notification within less than 90 days is void.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.071(a).  The County argued that Section 16.071(a) was inapplicable because it applies only when the contract requires a claimant to give "notice of a claim for damages" as a condition precedent to the right to sue on the contract, and the provisions in the construction contract required notice only as to particular contract rights, not "notice of a claim for damages."

The trial court concluded that Section 16.071(a) was applicable and that the seven-day notice provisions of Subparagraphs 13(A), (D), and (F) were void, preventing the County from

3

relying on those provisions to bar Sunlight's claims for additional compensation and additional time. Accordingly, the trial court granted Sunlight's motion for partial summary judgment and denied the County's motion for partial summary judgment. Both the trial court and this Court granted the County permission to pursue a permissive interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)(1) (West Supp. 2016) (permissive appeal allowed from order involving controlling question of law on which there is a substantial ground for difference of opinion); *see also* TEX. R. CIV. P. 168; TEX. R. APP. P. 28.3.

## DISCUSSION

The controlling question of law in this permissive appeal is whether Section 16.071(a) renders Subparagraphs 13(A), (D), and (F) void and unenforceable by the County. In Issue One, the County contends that Section 16.071(a) does not apply because Subparagraphs 13(A), (D), and (F) did not require Sunlight to give "notice of a claim for damages" as a condition precedent to the right to sue on the contract. We agree.

### Standard of Review

A statute's meaning is a question of law we review de novo. *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011). Likewise, whether a contract comes within a statute is a question of law that we review de novo. *See Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 642 (Tex. 2013). In construing a statute, we look for the Legislature's expressed intent, which ordinarily is found in the words used in the statute. *LTTS Charter Sch., Inc.*, 342 S.W.3d at 75. We give unambiguous text its ordinary meaning, aided by the interpretive context provided by "the surrounding statutory landscape." *Id*. (quoting *Presidio Ind. Sch. Dist. v. Scott,* 309 S.W.3d 927, 929 (Tex. 2010)).

4

**Analysis**

We start with the language the Legislature chose in Section 16.071(a). By its terms, the 90-day minimum notice requirement contained in Section 16.071(a) applies to a contract stipulation that requires a claimant to give a "notice of a claim for damages" as a condition precedent to the right to sue on the contract. TEX. CIV. PRAC. & REM. CODE ANN. § 16.071(a). The specific legal issue before us is whether Subparagraphs 13(A), (D), and (F), which impose a seven-day submission deadline on a "claim for an increase in the Contract Price" and a "claim for an extension of time," constitute contract stipulations that require a claimant "to give notice of a claim for damages" as a condition precedent to the right to sue on the contract. Sunlight argues that Section 16.071(a) applies because the contract provisions effectively bar its right to sue for damages for additional compensation and additional time. The County argues that Section 16.071(a) is not applicable because, as interpreted by the Texas Supreme Court, a claim for additional compensation or additional time is not "a claim for damages" under the statute.

The statutory language used in Section 16.071(a) has existed in its present form since 1891. *See Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 774 (Tex. 2014) ("In 1891, the Legislature enacted a statute that invalidated any policy provision 'requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon,' unless the provision was 'reasonable' and allowed at least ninety days for notice."); *Taber v. W. Union Tel. Co.*, 104 Tex. 272, 137 S.W. 106, 107 (1911) (noting that the first statute was enacted in March 1891). And yet, as both parties recognize, no court has specifically addressed whether Section 16.071(a) applies to notice-of-claim provisions contained in construction contracts, despite their prevalence in the industry.

5

Despite the lack of cases addressing the application of Section 16.071(a) in the construction-contract context, we conclude that Texas case law supports the County's contention that Section 16.071(a) does not apply to Subparagraphs 13(A), (D), and (F). First, we agree that Section 16.071(a) must be strictly construed because it is restrictive and in derogation of the common-law right to freely contract. *Travelers' Ins. Co. of Hartford, Conn. v. Scott*, 218 S.W. 53, 57 (Tex.Civ.App. – Fort Worth 1919, writ ref'd) (Section 16.071(a) "is restrictive and in derogation of the common-law right to freely contract, and therefore, under well-settled rules [it is] to be construed strictly"). We also agree that consistent with this policy, the Texas Supreme Court has narrowly construed the statutory language "notice of a claim for damages" to mean "notice of a cause of action." *See Komatsu v. U.S. Fire Ins. Co.,* 806 S.W.2d 603, 606 (Tex.App. – Fort Worth 1991, writ denied) (finding it "abundantly clear" that the Supreme Court has construed the statutory language "claim for damages" in Section 16.071(a) to mean "cause of action").

This narrow construction is consistent with the surrounding statutory language that the "notice of a claim for damages" must be "a condition precedent to *the right to sue on the contract*[.]" It is also consistent with the surrounding statutory landscape, since Section 16.071 is contained in Chapter 16 of the Civil Practice and Remedies Code, which sets out the limitations periods for various *causes of action. See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.001 - .072 (West 2002, West 2015, West Supp. 2016).

The Supreme Court first alluded to this narrow construction in *Taber* in 1911, when it discussed the applicability of article 3379 (an earlier predecessor to Section 16.071(a)) and stated that the 90-day minimum notice period should be computed from the time the cause of action

6

arose:

> [W]e are of the opinion the 90–day period should be computed from the time the *cause of action* arose, and that such period was intended by the Legislature to be designated. The purpose of the act was to fix a minimum period of 90 days from the time the *cause of action* arose, in which notice of any claim for damages might be required by stipulation, as a condition precedent to the right to sue[.]

137 S.W. at 108 (emphasis added). More recently, the Supreme Court has reaffirmed its narrow construction when it held that a deposit agreement requiring customers to give notice of any unauthorized transactions within 60 days of the mailing of the account statement, or waive any objections, does not violate Section 16.071(a), because "by its terms" the statute does not apply "when the notice to be given is not notice of a claim for damages, but rather notice of unauthorized transactions." *Am. Airlines Employees Fed. Credit Union v. Martin,* 29 S.W.3d 86, 89, 97 (Tex. 2000). In so holding, the Court explained that the purpose of the notice requirement was to prevent unauthorized transactions, and that if the customer gives prompt notice, the funds might be recovered "and the customer may not even have a claim for damages." *Id*. at 98.

The Court reaffirmed its holding in *Martin* two years later when it specifically disavowed a court of appeals' holding that a 14-day notice provision for unauthorized transactions in a deposit account was a "notice of a claim for damages" and void under Section 16.071(a). S*ee Cmty. Bank & Trust v. Fleck,* 107 S.W.3d 541, 542 (Tex. 2002) (per curiam); *see also Cardinal Health Solutions, Inc. v. Valley Baptist Med. Ctr.*, No. 1:07-CV-00111, 2008 WL 5047673, at *4 (S.D. Tex. Nov. 21, 2008) (mem. op.) (following *Martin* in holding that a contract provision, providing that an invoice not objected to in writing within thirty 30 calendar days after receipt was conclusively presumed to be correct in all respects, was not void under Section 16.071(a) because it was not a "notice of a claim for damages").

Indeed, the Supreme Court's decision in *Martin* is consistent with its prior decisions under the nearly-identical predecessor statutes. For example, in *St. Paul Mercury Ins. Co. v. Tri-State Cattle Feeders, Inc.*, the Court explicitly disagreed with the court of appeals' holding that a 24-hour notice of loss provision in a theft insurance policy, which required the insured to report within 24 hours "every loss which may become a claim under this policy," was void because it was a "notice of claim for damages" under the statute. 638 S.W.2d 868, 869 (Tex. 1982) (per curiam). The Court noted that it had held that the same statutory language was not applicable to an automobile theft policy requiring immediate notice of theft in *Commercial Standard Ins. Co. v. Harper*, 129 Tex. 249, 103 S.W.2d 143, 144-45 (1937) (declining to apply statutory predecessor to insurance policy requiring immediate notice of an event of loss or damage). 638 S.W.2d at 869. The Court explained that in *Harper*, "we characterized such provisions in theft policies as requiring notice of the happening of an event upon which coverage may or may not result. The purpose of the notice is to give the insurer an opportunity to attempt recovery of the stolen objects." *Id.* (citing *Harper*, 103 S.W.2d at 145). "Likewise, the 24-hour notice provision in the present theft policy is not a 'notice of claim for damages' under [the statute]." *Id.*

We discern from these cases that contractual notice provisions do not fall within Section 16.071(a) when they require notice of the happening of some event that is antecedent to the accrual of a cause of action and from which a cause of action may or may not arise. In other words, a contractual provision requiring notice of an event on which a right to sue for breach of contract "may or may not result," is not a contract stipulation that requires "notice of a claim for damages" under the statute.

Under the terms of the construction contact, the submission of a notice of a claim for

8

additional compensation or time under Subparagraphs 13(A), (D), and (F) is only a precursor to a possible cause of action for damages, which "may or may not result." Subparagraphs 13(A), (D), and (F) do not mention a "claim for damages," and the construction contract does not contain such a notice provision.[2] Rather, the contract specifically provides that both the contractor and the owner must continue their performance of the contract "regardless of the existence of any claims submitted by the Contractor[.]" Further, after submission of a claim, the contract contemplates that the owner will investigate the claim and, in the event of the discovery of certain concealed and unknown site conditions, the contract price "shall be modified, either upward or downward[.]" Likewise, if a claim for additional time shows the contractor has suffered a critical delay resulting from the owner's actions or change order, the completion date "shall be appropriately adjusted by the Owner[.]" It is only when the owner "repeatedly fails to perform its material obligations" under the contract that the contractor may terminate the contract. We note in this regard that a claim for breach of a construction contract does not normally accrue until the work is completed or the contract is terminated according to its terms, whichever occurs first. *See Hubble v. Lone Star Contracting Corp.*, 883 S.W.2d 379, 381-82 (Tex.App. – Fort Worth 1994, writ denied); *Godde v. Wood*, 509 S.W.2d 435, 441 (Tex.Civ.App. – Corpus Christi 1974, writ ref'd n.r.e.).

This case involves only the initial step on the way to a possible cause of action for breach of contract, *i.e.*, the notice of an event possibly supporting additional compensation or time that could possibly lead to a claim for damages. Thus, the notice provisions in the construction contract, like the notice provisions in *Martin*, *Community Bank*, *St. Paul*, and *Harper*, do not constitute a "notice of a claim for damages" under Section 16.071(a).

---

[2] We note that notice of a claim for damages is required by statute. A party may not sue a county for any claim before the 60th day after the date the party presents its claim to the commissioners court and the court neglects or refuses to pay the claim. TEX. LOCAL GOV'T CODE ANN. § 89.004(a) (West 2008).

We also discern from these cases that there is good reason for the Supreme Court to so limit the scope of Section 16.071(a). The Supreme Court has recognized the important function contractual notice provisions serve—they provide an opportunity to investigate the claim while the facts are fresh in order to properly assess and then possibly resolve the complaint and thereby avoid any possible future claim for breach of contract. Similarly, the purpose of the notice provisions in the construction contract is to give the County an opportunity, while the facts are fresh, to evaluate any contractor claims for additional compensation and time, and if the claims are found to be valid, to pay or approve those claims. As the Supreme Court noted in *Martin*, with prompt notice, a party may not have a claim for damages since notice provides the opportunity to possibly rectify the situation. *See Martin*, 29 S.W.3d at 97-98.

Likewise, the seven-day notice provisions in the construction contract simply require "notice of the happening of an event" ultimately upon which a breach of contract claim "may or may not result." If met, the provisions would have allowed the parties to investigate, evaluate, and possibly approve and settle the claims regarding adjustments in contract time or price without breaching the contract, thereby avoiding any ultimate claim for damages. In other words, if the notice provisions had been followed, adjustments to contract time or price could have been made during the course of the project without either party having to establish a breach of contract to recover damages. As such, the contractual notice provisions do not constitute a "notice of a claim for damages" under Section 16.071(a) and are not void under that statutory provision.

The County notes that contractual provisions requiring notice for adjustments in time and price are standard in the form construction contracts promulgated by various entities such as the American Institute of Architects. Sunlight points out, however, that generally these form

10

construction contracts provide for alternate dispute resolution, while the present construction contract does not, and argues this shows the "meager seven days" time frame and "draconian" waiver requirement "is designed to serve as a trap for the unwary contractor." However, we note that application of the 60-day notice provision in *Martin*, and in particular the 24-hour notice provision in *St. Paul* and immediate notice provision in *Harper*, would have ultimately resulted in waiver of any possible breach of contract claim, but that did not transform those notice provisions into contract stipulations subject to Section 16.071(a). Likewise, neither does the alleged draconian nature of the seven-day notice provisions here. Nor do we consider the lack of ADR provisions in the construction contract significant.

What we do consider significant is that by entering into the construction contract, Sunlight agreed to the seven-day notice requirement, and had actual knowledge that failure to provide timely notice would result in waiver of a claim. *In re Border Steel, Inc.*, 229 S.W.3d 825, 834 (Tex.App. – El Paso 2007, orig. proceeding) ("One who signs a contract is legally held to have known what words were used in the contract, to have understood their meaning, and to have comprehended the legal effect of the contract."); *see In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding) (a presumption exists that a party who signs a contract knows its contents). Thus, like the plaintiffs in *Martin*, *Community Bank*, *St. Paul*, and *Harper*, Sunlight was on notice going into its performance of the construction contract that if events arose justifying a claim for additional compensation or additional time, it would be required to submit its claim within seven calendar days or face a waiver of those claims.

Texas strongly favors parties' freedom of contract, which allows parties to bargain for mutually agreeable terms and allocate risks as they see fit. *Gym-N-I Playgrounds, Inc. v. Snider*,

11

220 S.W.3d 905, 912 (Tex. 2007). "As a rule, parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy." *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 129 (Tex. 2004). We have determined that the seven-day notice provisions in Subparagraphs 13(A), (D), and (F) do not violate Texas law because Section 16.071(a) does not apply to declare them void. And, "public policy requires" that contracts freely and voluntarily entered into "shall be enforced by Courts of justice." *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 767 (Tex. 2005) (quoting *Wood Motor Co. v. Nebel*, 150 Tex. 86, 238 S.W.2d 181, 185 (1951)). Under this "paramount public policy," we "are not lightly to interfere with this freedom of contract." *Id*. We thus decline any invitation to hold that Section 16.071(a) applies because in hindsight the notice provisions appear to be unfavorable to Sunlight.

In sum, we conclude that, although the notice provisions in the construction contract address events that could lead to a claim for damages, they fail to constitute notice requirements encompassed by Section 16.071(a) because they are not stipulations requiring "notice of a claim for damages" as a condition precedent to the right to sue on the contract. Issue One is sustained.[3]

**CONCLUSION**

Because Section 16.071(a) is inapplicable and does not invalidate the notice provisions in Subparagraphs 13(A), (D), or (F) of the construction contract, we reverse the trial court's order granting Sunlight's motion for partial summary judgment and denying the County's motion for partial summary judgment. We enter judgment in favor of the County that Section 16.071(a) is

---

[3] In light of our holding, we do not reach the County's second issue, in which it contends in the alternative that if Section 16.071(a) does apply, it is immune from its application under Section 16.061(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.061(a) (West 2015) (providing that a "right of action of . . . a county . . . is not barred by any of the following sections: . . . 16.071"). Resolution of that issue is unnecessary to the final disposition of this appeal. *See* TEX. R. APP. P. 47.1 (the court of appeals' opinion need only address issues "necessary to final disposition of the appeal").

inapplicable and does not render the seven-day notice provisions of Subparagraphs 13(A), (D) (F) void, and that it does not prevent the County from relying on those provisions in connection with Sunlight's claims for additional compensation and additional time. We remand this case to the trial court for further proceedings in light of this opinion.

STEVEN L. HUGHES, Justice

December 9, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

13