ST. PAUL MERCURY INSURANCE COMPANY et al., Petitioners,

v.

TRI–STATE CATTLE FEEDERS, INC., Respondent.

No. C–1193.

Supreme Court of Texas.

July 21, 1982.

Rehearing Denied Oct. 6, 1982.

Robert N. Carnahan, Corpus Christi, for petitioners.

Gibson, Ochsner & Adkins, James H. Doores, Amarillo, for respondent.

## PER CURIAM.

This case involves the question of coverage under a theft insurance policy. The court of appeals affirmed the trial court's judgment for the insured, Tri-State Cattle Feeders, Inc. 628 S.W.2d 844. The application for writ of error by the insurance carriers is refused, no reversible error.

However, we disapprove the court of appeals invalidating the 24-hour notice of loss provision in the policy under authority of article 5546(a).[1] Article 5546(a) states in part:

1. All statutory references are to Vernon's Tex. Rev.Civ.Stat.Ann., unless otherwise indicated.

No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety (90) days shall be void. . . .

The policy contained the following: "The named insured shall by telephone or in writing report ... WITHIN 24 HOURS every loss which may become a claim under this policy."

The court of appeals held this 24-hour notice provision was a "notice of claim for damages" under article 5546(a) and was, therefore "void." We disagree. This Court has held the same statutory language not applicable to an automobile theft policy requiring immediate notice of theft. *Commercial Standard Ins. Co. v. Harper*, 129 Tex. 249, 103 S.W.2d 143, 144–45 (1937) (construing the identical language of 1925 Tex.Gen.Laws, ch. 129, § 1, at 241–42). In *Harper*, we characterized such provisions in theft policies as requiring notice of the happening of an event upon which coverage may or may not result. The purpose of the notice is to give the insurer an opportunity to attempt recovery of the stolen objects. *Id.* at 145.

Likewise, the 24-hour notice provision in the present theft policy is not a "notice of claim for damages" under article 5546(a). Nevertheless, the jury findings that the 24-hour notice of loss provision was unreasonable under the circumstances and that notice of loss was given within a reasonable time support the judgment below.